UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BAR'S PRODUCTS, INC.,

    Plaintiff,

v.

BAR'S PRODUCTS INTERNATIONAL,
LTD., BARS, INC., BARS, INC., and
ARTHUR OMOTO,

    Defendants.
_____/

Case No. 10-14321

HONORABLE DENISE PAGE HOOD

**OPINION AND ORDER DENYING
MOTION FOR PRELIMINARY INJUNCTION
and
GRANTING MOTION TO DISMISS**

**I.    BACKGROUND**

On October 27, 2010, Plaintiff Bar's Products, Inc. filed a Complaint against Bars Products International, Inc. alleging: Trademark Infringement in violation of the Lanham Act, 15 U.S.C. § 1114 (Count I); Trademark Infringement in Violation of the Lanham Act, 15 U.S.C. § 1125(a) (Count II); in the alternative, Request for Declaratory Relief for Impending Infringement in Violation of the Lanham Act, 15 U.S.C. §§ 114, 1125(a) (Count III); and Common Law Unfair Competition (Count IV). It is noted that the case caption reflects "Bars Products International, Inc." as the Defendant but the body of the Complaint notes "Defendant Bars Inc." as the Defendant. (Comp., ¶ 5)

Nearly four months after the filing of the Complaint, Plaintiff filed a Motion for Preliminary Injunction on February 22, 2011. The parties entered into a stipulated order setting briefing dates for the Motion for Preliminary Injunction with the briefing to be completed by April 28, 2011 and

to Answer the Complaint by April 4, 2011.

On March 31, 2011, Plaintiff filed a First Amended Complaint to correct the parties, naming Bar's Products International, Ltd. (a Michigan corporation), Bars, Inc. (a Nevada corporation), Bars, Inc. (a California corporation), and Arthur Omoto. (First Am. Comp., ¶ 5) On April 14, 2011, Defendants Bars Products International, Ltd, Bars, Inc. of Nevada and Arthur Omoto filed a Motion to Dismiss the First Amended Complaint, or alternatively, to transfer the action to the Central District of California, where a first-filed action among the parties was pending. (Motion, p. 1) These Defendants also alternatively move for a more definite statement. The parties entered into a Stipulated Order regarding briefing of the Motion to Dismiss to be completed by May 25, 2011. On June 8, 2011, Plaintiffs filed a "Notice" regarding a ruling by the California court transferring the California case to this District.

On April 18, 2011, newly-named Defendants filed a Response to the Motion for Preliminary Injunction arguing that the newly-named Defendants are not subject to the Motion given that the Motion was based on the initial Complaint which was against a non-existent party. On June 21, 2011, Plaintiffs filed a "Notice" stating that pursuant to Rule 15(c), the preliminary injunction is sought against all named Defendants. (Doc. No. 33) On June 22, 2011, Defendants filed a "Notice" indicating that Plaintiffs' "Notice" is a novel argument and that the relation-back doctrine only applies to amendments of pleadings, not motions. (Doc. No. 34)

Plaintiff owns and uses a number of marks dominated by the term "BARS" in connection with an extensive list of automotive products, including, without limitation, BAR'S PRODUCTS, BAR'S LEAKS, AND BAR'S XTREME, many of which are the subject of federal registration (the "BARS Marks"). (First Am. Comp., ¶ 11) Plaintiff owns exclusive rights to the BARS Marks. (*Id.*, ¶ 12) Defendant (does not indicate which one) has undertaken a number of steps to indicate it is

currently using and/or embarking on commercial actions which use the BARS Marks for identical or closely related goods to those of Plaintiff, including an AAPEX show beginning November 2, 2010. (*Id.*, ¶ 13) Plaintiff claims Defendant's actions in promoting itself as an Exhibitor at AAPEX is likely to cause confusion. (*Id.*, ¶ 17) Alternatively, Plaintiff claims Defendant's actions have created the real and impending threat of trademark infringement. (*Id.* at ¶ 18)

This matter is before the Court on Plaintiffs' Motion for Preliminary Injunction and Defendants' Motion to Dismiss or Transfer, or alternatively for More Definite Statement. Responses and replies have been filed, along with other documents entitled "Notices."

## II.     ANALYSIS

### A.     Motion for Preliminary Injunction

#### 1.     Preliminary Injunction Standard

Four factors must be balanced and considered before the Court may issue a preliminary injunction pursuant to Rule 65(b) of the Rules of Civil Procedures: 1) the likelihood of the plaintiff's success on the merits; 2) whether plaintiff will suffer irreparable injury without the injunction; 3) the harm to others which will occur if the injunction is granted; and 4) whether the injunction would serve the public interest. *In re Delorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985); *In re Eagle-Pitcher Industries, Inc.*, 963 F.2d 855, 858 (6th Cir. 1992); and *N.A.A.C.P. v. City of Mansfield, Ohio*, 866 F.2d 162, 166 (6th Cir. 1989).

#### 2.     First Factor-Likelihood of Success on the Merits

The Motion for Preliminary Injunction was based on an initial Complaint which identified "Bars Products International, Inc." on the caption and in the body of the Complaint as "Bars Inc." Defendants argue that because the Motion for Preliminary Injunction is based on the initial Complaint and new Defendants have now been added to the Motion, the newly-named Defendants

are not subject to the Motion for Preliminary Injunction.

In a "Notice" filed with the Court, Plaintiff argues that the relation back Rule 15(c) provides that the Motion for Preliminary Injunction can include newly-named Defendants. Plaintiffs do not submit any support for this assertion, other than noting Rule 15(c). Rule 15(c) provides, "An amendment to a pleading relates back to the date of the original pleading." Fed. R. Civ. P. 15(c). A "pleading" has been defined as a "complaint," or an "answer" to a complaint. Fed. R. Civ. P. 7(a). There is no authority to support Plaintiff's "Notice" that the Motion for Preliminary Injunction may apply to newly-named Defendants.

Even if the Court had the authority to address the Motion for Preliminary Injunction based on a Complaint which has been amended, Defendants have submitted sufficient facts to rebut that Defendants have the right to the intellectual property rights and the exclusive right to conduct business internationally. (Ex. B, Omoto Declaration, ¶¶ 2, 3, 6, 19) Mr. Arthur Omoto asserts that his father purchased the international portion of a corporation, Fre-Bar, back in 1960 and that in connection with the sale, Fre-Bar transferred its intellectual property rights to Y. Harry Omoto, in exchange for $500,000 and other consideration.

The First Amended Complaint named four Defendants. The body of the First Amended Complaint only cites to a single "Defendant" who is alleged to have committed the violations. Plaintiffs do not identify the specific "Defendant" who has committed the violations or if all of the newly-named "Defendants" violated the Lanham Act. In light of the Supreme Court cases of *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1951, 173 L.Ed.2d 868 (2009) which require that factual allegations must be enough to raise a right to relief above the speculative level, the Court is unable to determine at this time whether Plaintiff will likely to succeed on the merits in its Lanham Act claims against any of the newly named

Defendants. *Twombly,* 550 U.S. at 555 (internal citations omitted); *see also, Herrerra v. Michigan Dep't of Corrections,* 2011 WL 1085794 (E.D. Mich. Mar. 2, 2011)(Requiring an amended complaint to specify against which defendants each of the violations are asserted.); *Kohus v. Ohio State Highway Patrol,* 2011 WL 1234021 (S.D. Ohio Feb. 15, 2011)(The complaint fails to reveal sufficiently specific allegations against any of the defendants that would place the particular defendant on notice of the violation alleged to have committed.).

Plaintiff has failed to carry its burden that it will likely succeed on the merits given the lack of specificity as to which Defendant committed the violations alleged by Plaintiff.

### 3. Second Factor/Irreparable Harm

Addressing the irreparable injury requirement, it is well settled that a plaintiff's harm is not irreparable if it is fully compensable by money damages. *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992). However, an injury is not fully compensable by money damages if the nature of the plaintiff's loss would make damages difficult to calculate. *Id.* at 511-512. The Supreme Court addressed the issue of whether a district court has the authority to issue a preliminary injunction under Rule 65 for the purposes of protecting assets in anticipation of the judgment of the court.

In this case, Plaintiff asserts harm other than money damages based on the unauthorized use of its marks. However, Defendants have sufficiently submitted evidence which indicates that they also have the authority to use the marks at issue. Additionally, the original Complaint (and First Amended Complaint) alleges that the marks were being used at an AAPEX show beginning November 2, 2010, which date has now passed, and occurred well before Plaintiff filed the instant Motion for Preliminary Injunction on February 22, 2011. (Complaint, ¶ 13) Irreparable harm would have occurred back in November 2, 2010 if in fact a defendant used the marks at that time. Plaintiff

did not file the instant Motion for Preliminary Injunction until three months after the show occurred and four months after the initial Complaint was filed.

Plaintiff has failed to carry its burden that it would suffer irreparable harm without the preliminary injunction.

### 4.     Third and Fourth Factors/Harm to Others and Public Interest

Regarding the third and fourth factors, Defendants argue that they would be harmed if a preliminary injunction was to issue because they have the authority to use the marks. As to public interest, it is in the public interest that marks are not used without authority. In this case, there are contrary positions and evidence showing that both parties may have the authority to use the marks.

### 5.     Weighing the Factors

Weighing the four factors noted above, a preliminary injunction cannot be issued in this case. Plaintiff's Motion for Preliminary Injunction is DENIED.

## B.     Motion to Dismiss or Transfer of Venue, or for More Definite Statement

At the onset, given that the California court transferred the case filed in that District to this District, the Motion to Transfer Venue is Moot. Defendants seek dismissal under Rule 12(b)(6) for failure to state a claim, under Rule 12(b)(7) for failure to name an indispensable party, and for lack of personal jurisdiction as to Bars Nevada under Rule 12(b)(2).

### 1.     Rule 12(b)(6)

Rule 12(b)(6) of the Rules of Civil Procedure provides for a motion to dismiss based on failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In *Twombly,* the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] Factual allegations must be enough to raise a right to relief above

the speculative level...." 550 U.S. at 555 (internal citations omitted). Although not outright overruling the "notice pleading" requirement under Rule 8(a)(2) entirely, *Twombly* concluded that the "no set of facts" standard "is best forgotten as an incomplete negative gloss on an accepted pleading standard." *Id.* at 563. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557. Such allegations are not to be discounted because they are "unrealistic or nonsensical," but rather because they do nothing more than state a legal conclusion–even if that conclusion is cast in the form of a factual allegation." *Iqbal,*129 S.Ct. at 1951. In sum, for a complaint to survive a motion to dismiss, the non-conclusory "factual content" and the reasonable inferences from that content, must be "plausibly suggestive" of a claim entitling a plaintiff to relief. *Id.* Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show [n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). The court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001).

As noted by the Court above, the First Amended Complaint does not specifically identify which "Defendant" Plaintiff alleges committed certain acts. The Court therefore is unable to infer

which "Defendant" committed certain acts.

To state a claim for infringement under the Lanham Act, a plaintiff must allege facts establishing that: 1) it owns the registered trademark; 2) the defendant used the mark in commerce; and 3) the use was likely to cause confusion. 15 U.S.C. § 1114(1); *Hensley Manufacturing, Inc. v. ProPride, Inc.,* 579 F.3d 603, 609 (6th Cir. 2007).

Defendants agree that Plaintiff has alleged it owns the registered trademark and that Plaintiff alleges the marks would cause confusion. Defendants assert Plaintiff has only alleged two specific acts that may constitute infringement neither of which gives rise to an actionable claim against any of the Defendants. The first act is the "intent to use" the trademark application with the United States Patent and Trademark Office. Defendants cite 15 U.S.C. § 1127 which states that an attempt "made merely to reserve a right in a mark" does not constitute infringement. Based on the statute, Plaintiff has failed to state a claim based on an "intent to use" factual allegation.

The second act alleged by Plaintiff is that AAPEX, which is not a party to this suit, allegedly posted material on its website months ago that allegedly infringes on Plaintiff's marks. Defendants argue that AAPEX's posting on its website is not an allegation of infringement as to Defendants. Plaintiff has not sued AAPEX in this matter. The Court finds that Plaintiff has failed to state a claim for infringement based on posting materials by a party that has not been sued in this action.

As to the individual Defendant Mr. Omoto, other than noting that he is the principal of the corporations, there are no factual allegations that Mr. Omoto himself has infringed Plaintiff's marks. Mr. Omoto is dismissed from the Lanham Act claims since there are no plausible factual claims against him.

### 2. Rule 12(b)(7)

Rule 12(b)(7) provides for dismissal for failure to join an indispensable party as required

under Rule 19. Several factors must be considered to determine whether a party is indispensable: 1) the extent to which a judgment may prejudice the absent party; 2) the extent to which prejudice may be lessened or avoided; 3) whether a judgment entered in the person's absence will provide an adequate remedy; and 4) whether if the action is dismissed, plaintiff will have an adequate remedy elsewhere. *See E.E.O.C. v. Peabody Western Coal, Co.,* 610 F.3d 1070, 1083 (9th Cir. 2010).

The Court agrees that although the factual allegations in the First Amended Complaint refer to information on the AAPEX website, any judgment to be entered by the Court need not involve AAPEX. The Court will be able to focus on the allegations against the named-Defendants, if any. The Rule 12(b)(7) motion is denied.

### 3.   Rule 12(b)(2)

Rule 12(b)(2) provides dismissal of a matter for lack of jurisdiction over a person. Fed. R. Civ. P. 12(b)(2). When the issue of personal jurisdiction is raised, the burden of proof rests upon the party asserting jurisdiction. *Market/Media Research, Inc. v. Union-Tribune Publishing Co.*, 951 F. 2d 102, 104 (6th Cir. 1992). This burden can be met by establishing with reasonable particularity sufficient contacts between the defendant and the forum state to support personal jurisdiction. *Neogen Corp. v. Neo Gen Screening, Inc.,* 282 F.3d 883, 887 (6th Cir. 2002) (quotation and citation omitted). The facts will be construed in the light most favorable to the nonmoving party. *Id.* The court need only determine whether a plaintiff presented a *prima facie* showing of jurisdiction on the face of the complaint. *Market/Media Research, Inc.*, 951 F. 2d at 104. This may include the pleadings and any affidavits to support any factual allegations. *Id.* Dismissal is warranted only if all the facts plaintiff asserts "collectively [fail] to state a *prima facie* case for jurisdiction." *Id.* at 105. A district court is not required to hold an evidentiary hearing when a plaintiff's pleadings and affidavits are insufficient to make a *prima facie* showing of fact supporting the court's assertion of

*in personam* jurisdiction. *Id.* at 106.

Due process mandates that jurisdiction be exercised if a defendant has sufficient "minimum contacts" in the forum state that would not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Before a court can exercise personal jurisdiction over a non-resident defendant, it must determine that "minimum contacts" exist between the forum state and the non-resident defendant which comport with due process. *Asahi Metal Ind. v. Super. Ct. of Cal., Solano Ct.*, 480 U.S. 102, 107 (1987). The test is a determination by the forum court as to whether it is reasonable, due to the non-resident defendant's conduct in connection with the forum state, for the non-resident defendant to anticipate being haled into court in the forum state. *World Wide Volkswagen v. Woodson*, 444 U.S. 286, 297 (1985). A further inquiry is whether the non-resident defendant purposefully availed itself of the privilege of conducting activities within the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). In order to determine whether minimum contacts exist, the court must focus on the quantity, quality, and nature of the defendant's activities, together with the relationship of those activities and the forum state. *Rush v. Savchuk*, 444 U.S. 320 (1980). Based on the above cases, the Sixth Circuit has set forth three criteria that must be met before a court will exercise personal jurisdiction:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 150 (6th Cir. 1997).

When the issue of personal jurisdiction is raised, the burden of proof rests upon the party asserting jurisdiction. *Market/Media Research, Inc. v. Union-Tribune Publishing Co.*, 951 F.2d 102, 104 (6th Cir. 1992). The Sixth Circuit has held that personal jurisdiction cannot be conferred by

mere telephone calls and mail to the forum state where a defendant did not initiate the contact nor was present in the forum state to conduct any business. *Market/Media*, 951 F.2d at 105; *Hi-Tex, Inc. v. TSG, Inc.,* 87 F.Supp.2d 738, 744 (E.D. Mich. 2000). Telephone calls and letters, without an ongoing business relationship, do not rise to the level of purposeful availment contemplated by due process. *In re Impact Absorbent Technologies, Inc.*, 106 F.3d 400 (TABLE), 1996 WL 765327 (6th Cir. Dec. 18, 1996) (unpublished)(where the Sixth Circuit issued a writ of mandamus to the district court to dismiss a case for lack of personal jurisdiction.)

In analyzing Michigan's long-arm statute, Michigan courts have construed the statute to bestow the greatest possible grant of personal jurisdiction consistent with due process. *See Sifers v. Horen,* 385 Mich. 195, 1999 (1971). Where a state's long-arm statute extends to the constitutional limits of the Due Process Clause, the two inquiries merge; courts must only determine whether an assertion of personal jurisdiction over the defendant violates the Due Process Clause. *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co.,* 91 F.3d 790, 793 (6th Cir.1996).

Defendants argue that Bars Nevada is not subject to the Court's personal jurisdiction since it has no relationship with Michigan. Here, Plaintiff has not carried its burden that Bars Nevada has any relationship to Michigan. Mr. Omoto states in his affidavit that it is not registered to do business in Michigan, has no offices in Michigan and has not sold any products in Michigan. (Omoto Aff., ¶ 5) The only allegation against Bars Nevada is that it filed a single trademark application on an intent to use a mark in the future with the United States Patent and Trademark Office in Virginia. (First Am. Comp., ¶ 13(b)) Plaintiff has not shown that any acts of infringement occurred in Michigan or affecting Plaintiff in Michigan. Plaintiff has failed to carry its burden that the Court has personal jurisdiction over Bars Nevada. The First Amended Complaint must be dismissed as to Bars Nevada.

### III. CONCLUSION

For the reasons set forth above,

IT IS FURTHER ORDERED that Plaintiff's Motion for Preliminary Injunction **(Doc. No. 3, filed 2/22/2011)** is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss under Rule 12(b)(6) and 12(b)(2) (but not under 12(b)(7)) **(Doc. No. 15, filed 4/14/2011)** is GRANTED in light of the heightened pleading requirement set forth in *Iqbal and Twombly*. Defendant Bars, Inc. of Nevada is DISMISSED from this action. The Lanham Act claims in Counts I, II and III of the First Amended Complaint are DISMISSED as to Defendants Bars Products International, Ltd. and Arthur Omoto. Count IV, the common law unfair competition claim remains as to the remaining Defendants Bars Products International, Ltd., Bars, Inc. of California and Arthur Omoto.

IT IS FURTHER ORDERED that the remaining Defendants file their Answer to the appropriate remaining claims First Amended Complaint must be served and filed within 21 days from the entry of this Order.

                                                s/Denise Page Hood
                                                United States District Judge

Dated: September 29, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 29, 2011, by electronic and/or ordinary mail.

                                                s/LaShawn R. Saulsberry
                                                Case Manager