UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BAR'S PRODUCTS, INC.,

    Plaintiff,                               Case No. 10-14321

v.                                        HONORABLE DENISE PAGE HOOD

BAR'S PRODUCTS INTERNATIONAL,
LTD., BARS, INC., BARS, INC., and
ARTHUR OMOTO,

    Defendants.
_____/

**ORDER MOOTING EMERGENCY MOTION FOR RESTRAINING ORDER**

This matter is before the Court on Plaintiff's Emergency Motion for Restraining Order. A response and reply were filed. At the hearing on October 31, 2011, the parties placed on the record a resolution to the motion.

Although the instant motion is moot, which means there is no prevailing party, Defendants requested monetary sanctions under 28 U.S.C. § 1927 for having to respond to a second motion for injunctive relief, to appear for the hearing on the motion, for Plaintiff having filed a Motion for Reconsideration (for which no response is required from the defense), for Plaintiff having filed a Motion for Leave to File a Second Amended Complaint, and for Plaintiff's failure to consent to have the second action (which was filed by the Defendants), to be voluntarily dismissed. The Court denies without prejudice Defendants' request for sanctions under 28 U.S.C. § 1927, given that the motion at issue is moot. Although the parties could have resolved the instant motion without appearing in court, the other two motions filed by Plaintiff are within its purview under the Rules of Civil Procedures and the current Scheduling Order. The issue of whether the motions have merit is for the Court to decide based on the parties' papers. Regarding the second action and Plaintiff's

failure to agree to the voluntary dismissal of the second action, it was Defendants who filed the second action in April 2011, after the instant action was filed by Plaintiff. Plaintiff did not multiply the proceedings based on the defense's conduct of filing a second action. Defendants may, at any time, file the necessary papers to voluntarily dismiss the second action. Although it makes sense to proceed under one action since counterclaims have been filed in the first action, it appears Plaintiff has its reasons why it does not agree to voluntarily dismiss the second action. That issue is not before the Court at this time.

Accordingly,

IT IS FURTHER ORDERED that the Emergency Motion for Restraining Order (**Doc. No. 42, filed October 19, 2011**) is MOOT. No sanctions are awarded at this time.

S/Denise Page Hood
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

Dated: November 2, 2011

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, November 2, 2011, by electronic and/or ordinary mail.

S/Julie Owens
Case Manager, (313) 234-5160