# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**BAR'S PRODUCTS, INC.,**

      **Plaintiff,**

**v.**

**BAR'S PRODUCTS INTERNATIONAL, INC.,**

      **Defendant.**

_____/

**Case No. 10-14321**

**Honorable Denise Page Hood**

## ORDER DENYING MOTION FOR RECONSIDERATION
### and
## ORDER GRANTING IN PART MOTION TO FILE SECOND AMENDED COMPLAINT

## I.    BACKGROUND

This matter is before the Court Plaintiff's Motion for Reconsideration and Motion for Leave to File a Second Amended Complaint filed October 13, 2011.  On September 29, 2011, the Court entered an Opinion and Order Denying Motion for Preliminary Injunction and Granting Motion to Dismiss.  Plaintiff seeks reconsideration of the Order asserting that the Motion for Preliminary Injunction May Properly Apply to Newly Named Defendants, that the Court erred in ruling that the filing of an intent to use trademark application does not state a declaratory judgment claim, and that the Court erred in holding that Defendant Bar's, Inc. of Nevada is not subject to personal jurisdiction in Michigan.  Plaintiff also seeks to amend its First Amended Compliant to add factual allegations to support its claims.

## II.    MOTION FOR RECONSIDERATION

As noted, Plaintiff seeks reconsideration of the Court's September 29, 2011 Opinion and Order Denying Motion for Preliminary Injunction and Granting Motion to Dismiss.

The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within 14 days after entry of the judgment or order. E.D. Mich. LR 7.1(h)(1). No response to the motion and no oral argument thereon shall be allowed unless the Court orders otherwise. E.D. Mich. LR 7.1(h)(2). The Local Rule further states:

> (3) **Grounds**. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier. *Sault Ste. Marie Tribe v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(motions under Fed.R.Civ.P. 59(e) "are aimed at *re* consideration, not initial consideration")(citing *FDIC v. World Universal Inc.,* 978 F.2d 10, 16 (1st Cir.1992)).

Plaintiff first argues that its Motion for Preliminary Injunction, filed before Plaintiff filed a First Amended Complaint, should have applied to the newly-added Defendants in the First Amended Complaint. As noted by the Court in its September 29, 2011 Order, Plaintiff did not submit any support for this argument initially. Plaintiff in the instant Motion for Reconsideration, again does not submit any support that the Motion for Preliminary Injunction applies to subsequently added Defendants, other than noting the rules regarding filing amended complaints, which the Court addressed in its September 29, 2011 Order. In any event, the Court's ruling was based on the facts set forth in the First Amended Complaint, which the Court found was insufficient to show that Plaintiff would likely succeed on the merits.

2

Plaintiff next argues that the Court erred in ruling that the filing of an intent to use trademark application does not state a declaratory judgment claim.  Plaintiff asserts that because Defendants have already created the product, named BARS TEC, listed the product in its promotional material in documents and had photos of bottled product displayed in its promotional material, this shows that Defendants have gone beyond merely filing an intent to use trademark.  It is noted that the First Amended Complaint does not allege these facts.  In any event, Plaintiff cannot meet  a declaratory judgment claim as set forth in Count III.

The test for determining whether an actual case or controversy exists in a declaratory judgment action involving trademarks is two pronged.  *Windsurfing Int'l, Inc. v. AMF Inc.,* 828 F.2d 755, 758 (Fed. Cir. 1987).  The first prong is that the declaratory plaintiff must have a real and reasonable apprehension about being sued, such as a warning from a defendant that if the plaintiff were to use the mark at issue then plaintiff would be sued in the future.  *Id.*  In this case, Plaintiff does not meet the first prong since Plaintiff did not allege in the First Amended Complaint that Defendants warned Plaintiff that any use of the mark would result in a lawsuit.  The second prong is that the declaratory plaintiff must be engaged in a course of conduct which brought it into adversarial conflict with the declaratory defendant.  *Id.*  Here, Plaintiff alleges that *Defendants'* conduct brings *Defendants* into adversarial conflict with *Plaintiff*.  Plaintiff has not met the second prong showing that an actual case or controversy exists to survive Defendants' Motion to Dismiss. Plaintiff seeks an advisory opinion that any future use by Defendants of the mark at issue should be prohibited.  A federal court may not give such an advisory opinion.  *Id.* at 758.  Count III, the declaratory judgment count, is dismissed, as previously ruled by the Court.

Plaintiff's third argument is that the Court erred in dismissing Bar's, Inc. of Nevada.

Plaintiff claims that because Arthur Y. Omoto is the primary "mover" of both Bar's, Inc. of Nevada and Bar's, Inc. of Michigan, this establishes personal jurisdiction over Bar's, Inc. of Nevada. Plaintiff re-argues its "effects doctrine" argument raised in its response to the motion. A motion for reconsideration is not a vehicle to rehash a previously-raised argument. In any event, the "effects doctrine" is not applicable in this case. *See, See, Inc. v. Imago Eyewear Pty Ltd.,* 2004 WL 5569067 at *3 (E.D. Mich. Oct. 12, 2004)(unpublished)(The "effects test" in *Panavision Int. L.P. v. Toeppen,* 141 F.3d 1316 (9th Cir. 1998) applies to cases registering domain names.) Plaintiff has not met its burden that the Court has personal jurisdiction over Bar's, Inc. of Nevada.

## III.    MOTION TO AMEND

Plaintiff seeks to file a Second Amended Complaint as the Court dismissed the Lanham Act claims in Counts I, II and III of the First Amended Complaint. Defendant opposes the motion arguing that the Court has dismissed the Lanham Act claims in its prior order so the proposed Second Amended Complaint alleging the same claims are barred by *res judicata.* Alternatively, Defendant argues that leave to amend the Complaint would be futile.

*Res judicata* is not applicable in this case since no final judgment has been entered as this case is still open with one count, Count IV, remaining. *See, Federated Dep't Stores v. Moitie,* 452 U.S. 394, 398 (1981).

Rule 15(a) of the Rules of Civil Procedures provides that a pleading may be amended if justice so requires and that leave to amend shall be freely given, unless any proposed amendment would be futile. *Kottmyer v. Maas,* 436 F.3d 684, 692 (6th Cir. 2002). Leave to amend may be granted when there is no "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis,* 371 U.S. 178, 182 (6th Cir. 1962).

Plaintiff's proposed Second Amended Complaint sets forth the same counts found in the Amended Complaint. As noted above, the Lanham Acts in Counts I, II, and III were dismissed. The proposed Second Amended Complaint caption names four Defendants: Bar's Products International, Ltd., Bar's, Inc. of Nevada, Bar's, Inc. of California, and Arthur Omoto. For the same reasons set forth above in the reconsideration analysis, Plaintiff has failed to establish that the Court has personal jurisdiction over Bar's, Inc. of Nevada. As to Bar's, Inc. of California, there are no allegations against Bar's, Inc. of California set forth in the proposed Second Amended Complaint, given that Bar's, Inc. of California is not named in the parties portion of the proposed Second Amended Complaint. In addition, Count III, the declaratory judgment portion of the proposed Second Amended Complaint, is futile, for the same reasons set forth above in the Count III declaratory judgment analysis.

The issue then is whether the remaining Lanham Act claims set forth in Counts I and II should be amended. It is noted that in response to this Court's Order indicating that Plaintiff failed to identify a specific Defendant in the previous Complaints, Plaintiff alleges in the proposed Second Amended Complaint that when the term "Defendants" is used, it refers to all Defendants, collectively. The added language in the proposed Second Amended Complaint is found in the Background and General Allegations portion. The factual allegations involve the Defendants' attendance at an AAPEX event in November 2010 and the website, www.barsleaks.net.

To state a claim for infringement under the Lanham Act, a plaintiff must allege facts establishing that: 1) it owns the registered trademark; 2) the defendant used the mark in commerce;

5

and 3) the use was likely to cause confusion.  15 U.S.C. § 1114(1); *Hensley Manufacturing, Inc. v. ProPride, Inc.,* 579 F.3d 603, 609 (6th Cir. 2007).  Defendants previously agreed that Plaintiff has shown the first and third factors.  Defendants argue that Plaintiff fails to allege sufficient facts to support its claim that Defendants used the mark in commerce.  Plaintiff claims that Defendants' attendance at the AAPEX event and the www.barsleaks.net establish the facts to support its claim that Defendants used the mark in commerce.

Ownership rights flow only from prior use and that the territorial rights of a holder of a federally registered trademark are always subject to any rights acquired by another party through actual use prior to the registrant's use.  *See, Allard Enterprises, Inc. v. Advanced Programming Resources, Inc.,* 249 F.3d 564, 572 (6th Cir. 2001).  In this case, as alleged by Plaintiff in its proposed Second Amended Complaint, Plaintiff, along with representatives of Defendants, have attended the AAPEX show for many years as guests at Plaintiff's booth.  (Proposed Sec. Am. Comp., ¶ 13)  Plaintiff complains now that because Defendants attended the November 2010 AAPEX show with a separate booth, that action by Defendants constitute a mark used in commerce. It may be that Defendants' attendance at the November 2010 AAPEX show establishes that Defendants used the mark in commerce.  However, as admitted by Plaintiff in its proposed Seconded Amended Complaint, Defendants have done so for several years with Plaintiff.  Plaintiff also admits that Defendants were assigned rights to the marks in countries outside the United States and Canada. (Proposed Sec. Am. Comp., ¶ 11) These factual allegations support Defendants' claim that they had the authority to use the mark.  It is the separate booth at the AAPEX show which troubles Plaintiff. As the Sixth Circuit noted in *Allard*, any territorial rights of Plaintiff to the mark are subject to any rights acquired by Defendants through actual use.  As to the AAPEX show, Defendants used the

6

mark in their displays in the same booth with Plaintiff. Plaintiff cannot now claim that because Defendants are using a separate booth to display the marks that this action constitutes infringement. Plaintiff has not alleged that apart from displaying the mark at the AAPEX show, Defendants have sold any products with the mark within the United States or Canada. This lack of facts supporting Defendants' use of the mark in any products sold within the United States or Canada demonstrates that Plaintiff failed to state a claim upon which relief may be granted as to the Lanham Act claims against the remaining Defendants.

The factual allegation regarding the website, www.barsleaks.net, was not raised in previous versions of Plaintiff's Complaint. (Proposed Sec. Am. Comp., ¶ 17 and Ex. F) Defendants argue that the website does not allow purchasers to buy products. Under the Lanham Act, any expression embodying the use of a mark *not* in connection with the sale or advertising of any goods or services and not likely to cause confusion, is outside the jurisdiction of the Lanham Act. *See Taubman Co. v. Webfeats,* 319 F.3d 770, 775 (6th Cir. 2003). Reviewing Exhibit F to the proposed Second Amended Complaint, the Court finds that although there may be no ability to purchase the products through the website, there may be some confusion as to where these products may be sold. Although the website refers to Worldwide Partners, it does not specifically state that the products are not available in the United States or Canada. The website clearly advertises the goods with the marks at issue. At this juncture, the website is sufficient to state a claim upon which relief may be granted.

Counts I and II remain as to Defendants Bar's Products International, Ltd. and Arthur Omoto. Omoto remains at this juncture, given that Plaintiff's proposed Second Amended Complaint indicates that when the term "Defendants" is used, the term refers to the Defendants collectively.

The Court will allow Plaintiff's Second Amended Complaint, but dismisses Count III and Defendants Bar's, Inc. of Nevada and Bar's, Inc. of California. The claims in Count III and against Defendants Bar's, Inc. of Nevada and Bar's, Inc. of California are futile because the claims fail to state a claim upon which relief may be granted.

## IV.    CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Plaintiff's Motion for Reconsideration **(Doc. No. 39, filed 10/13/11)** is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File a Second Amended Complaint **(Doc. No. 40, filed 10/13/11)** is GRANTED in part. Plaintiff may file the Second Amended Complaint, Exhibit A to the Motion, within seven (7) days from the entry of this Order. However, Count III, the Alternative Request for Declaratory Relief for Impending Infringement Violation of the Lanham Act, is DISMISSED. Defendants Bar's, Inc. of Nevada and Bar's, Inc. of California are DISMISSED.


s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  March 9, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 9, 2012, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager

8