**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

BAR'S PRODUCTS, INC.,

    Plaintiff/Counter-Defendant,

                                                      Case No. 10-14321

v.

                                                      HON. DENISE PAGE HOOD

BAR'S PRODUCTS INTERNATIONAL, LTD.,

    Defendant/Counter-Plaintiff.

_____/

**ORDER REGARDING MOTIONS IN LIMINE**

**I.    BACKGROUND**

This matter is before the Court on three motions in limine filed by Plaintiff Bar's Products, Inc. ("Bar's Products"). A fourth motion in limine was agreed to by Defendant Bar's Products International, Ltd. ("BPI"). Responses and replies have been filed on the three remaining motions in limine and a sur-reply filed on April 15, 2014 on the motion in limine #1 regarding assignments. The Court denied the three remaining motions in limine at trial.

**II.    ANALYSIS**

    **A.    Motion in Limine Standard**

The Federal Rules of Evidence do not explicitly authorize in limine rulings, but the practice was developed pursuant to a district court's inherent authority to manage

the course of trials.  *Luce v. United States,* 469 U.S. 38, 31 (1984).  It is within the district court's discretion to make an in limine ruling on evidentiary matters, but there is no right to an in limine ruling.  *Huddleston v. United States,* 485 U.S. 681, 688-89 (1988).  A motion in limine ruling is nothing more than a preliminary opinion which allows the parties to formulate trial strategy.  *United States v. Yannott,* 42 F.3d 999, 1097 (6th Cir. 1994).  The trial court is not bound by an in limine ruling and can change its determination during the trial where sufficient facts have developed to warrant the change or even if nothing unexpected happens at trial.  *Id.*; *Luce*, 469 U.S. at 41-42).  In analyzing a motion in limine, the trial court considers issues of relevance, admissibility and prejudice.

Rule 401 of the Rules of Evidence defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable that it would be without the evidence."  The standard set forth in Rule 401 is a liberal one.  *Churchwell v. Bluegrass Marine, Inc.,* 444 F.3d 898, 905 (6th Cir. 2006).  Rule 402 states that "all relevant evidence is admissible, except as otherwise provided ..." and that "evidence which is not relevant is not admissible."  Rule 403 states that "although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by

considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Trial courts have broad discretion in determining whether to admit evidence based on considerations of relevance, materiality and prejudice. *United States v. Jackson-Randolph,* 282 F.3d 369, 376 (6th Cir. 2002).

### B. Bar's Products' Motion in Limine #1 re Assignments (#148)

Bar's Products seeks to exclude 7 out of 9 agreements/assignments it claims it is not bound to since it is not a party to the agreements/assignments executed in 1973. BPI argues that all 9 agreements/assignments were part of the 1973 transaction which form the basis of the case at issue. BPI asserts that this Court considered all contracts in its ruling on Bar's Products' Motion for Partial Summary Judgment.

This is the first time Bar's Products has raised the argument that it is not bound by most of the agreements executed in 1973 at issue in this case. Bar's Products' Motion for Partial Summary Judgment does not raise this issue. Its motion states, "[i]n 1973, Bar's Products (then known as Fre-Bar, Inc.) and Frederic Barton, a then principal of Bar's Products, entered into a collection of contracts with BPI [Bar's Products, International] ... It is not know why a collection of contracts, rather than a single unified contract, was executed between Bar's Products and BPI and the persons directly involved in those negotiations are now deceased." (Bar's Products' Motion for Partial Summary Judgment, Doc. No. 89, p. 1)

3

Based on Bar's Products' statements in its Motion for Partial Summary Judgment and the facts which form the basis of both parties' claims, it is clear that the 1973 documents are relevant to the claims at issue in this trial. The 1973 documents are evidence which would make the existence of any fact that is of consequence to the case at issue. Bar's Products does not assert any basis for exclusion other than it was not a party to many of the agreements. As noted in its motion, Bar's Products' predecessor, Fre-Bar, and Frederic Barton, a principal of Bar's Products, executed a "collection of contracts" with BPI. The issue of whether Bar's Products is bound under these contracts is argument and a fact issue for the jury. Even if Bar's Products is not bound under these agreements, the basis of BPI's claim that it has the authority to sell these products is based on the 1973 agreements, which may not require agreement by Bar's Products. The 1973 agreements are clearly relevant to the claims by both parties to be tried and decided by the jury. Bar's Products' Motion in Limine as to the 1973 assignments/agreements is denied.

### C. Bar's Products' Motion in Limine #2 as to "Rislone" (#149)

Bar's Products seeks to exclude any damages evidence regarding BPI's claims as to the brand name "Rislone" sold by Bar's Products. Bar's Products argues that Rislone was not part of the foreign business that Bar's Products assigned in 1973 since it did not possess a product under the name Rislone at that time. BPI responds that

4

Bar's Products began selling automotive chemical products outside the United States and Canada, in violation of the 1973 agreements, including Rislone.

Although the name "Rislone" may not have been expressly noted under any if the 1973 assignments, it is a question of fact as to whether the brand Rislone is the same automotive chemical products under a different brand name which were included in the 1973 agreements. Just because the brand name is different does not mean that the product was not included in the 1973 agreements. If BPI is able to show that the product Rislone is the same automotive chemical product included in the 1973 agreements and if BPI succeeds at trial as to its claims against Bar's Products, then BPI should be able to establish loss profits as to Bar's Products' Rislone product. Bar's Products' Motion in Limine #2 is denied.

### D. Bar's Products' Motion in Limine #3-Future Loss Profits (#147)

Bar's Products argues that evidence regarding future loss profits should be excluded because it is speculative. Bar's Products claims that if the jury finds against it, then the loss profits stops on the date of the verdict since it would stop selling the products on that date, therefore, there would be no loss profits. BPI responds that it is entitled to loss profits under Michigan law, even if uncertain.

Generally, a jury is not permitted to speculate or guess regarding the amount of loss profits. However, under Michigan law, loss future profits is permitted as an

element of damages in breach of contract actions when they can be established with reasonable certainty. *American Anodco, Inc. v. Reynolds Metals Co.,* 743 F.2d, 417, 423 (6th Cir. 1984)(citing *Fera v. Village Plaza, Inc.,* 396 Mich. 639 (1976)).  Loss profits need not be determined to a mathematical certainty even if it is difficult to calculate and speculative to some degree. *Conwood Co. v. United States Tobacco, Co.,* 290 F.3d 768, 793-95 (6th Cir. 2002); *Multimatic, Inc. v. Faurecia Interior Systems, USA, Inc.* 542 F.Supp.2d 677, 681-82 (E.D. Mich. 2008).

      Here, Bar's Products argues that if the jury finds in favor of BPI, then it would just stop selling the products and there would be no future loss profit damages after the verdict.  However, if BPI is able to show that Bar's Products had an agreement with others beyond the date of the jury verdict to sell the products at issue in this action and if BPI is able to show certain industry standard as to how long certain products are required before the products are replaced, then BPI may be able to show future loss profit damages.  As to how many years out is the proper number of years to be presented to the jury beyond the date of the verdict, that issue is argument and any findings as to the number of years future loss profits should apply is a question for the jury.  Bar's Products' Motion in Limine #3 is denied.

### III.   CONCLUSION

      For the reasons set forth above,

IT IS ORDERED that Plaintiff's Motion in Limine #1 re Assignments (#148, 11/30/13) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion in Limine #2 re Damages (rislone) (#149, 11/30/13) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion in Limine #3 re Damages (after verdict) (#147, 11/30/13) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion in Limine #4 re Unfair Competition (#146, 11/30/13), agreed to by Defendant, is GRANTED.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: May 14, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 14, 2014, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager