## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

BAR'S PRODUCTS, INC.,
a Michigan corporation

    Plaintiff/Counter-Defendant,

v.                                           Case No. 2:10-cv-14321-DPH-MJH

                                                 Hon. Denise Page Hood
                                                 Mag.  Michael J. Hluchaniuk

BARS PRODUCTS INTERNATIONAL LTD.,
a Michigan corporation, ARTHUR OMOTO,
an individual

    Defendants-Counter-Plaintiffs.
_____/

## BAR'S PRODUCTS, INC.'S
## OBJECTIONS TO TAXED BILL OF COSTS

Bar's Products, Inc. ("Bars") through its counsel, Carlson, Gaskey & Olds, P.C., pursuant to Fed. R. Civ. P. 54, L.R. 54.1 and 28 U.S.C. § 1920, hereby objects to the Taxed Bill of Costs filed by Defendants Bar's Products International Ltd. and Arthur Omoto ("Defendants") on June 10, 2014 (Dkt. #225).  Bars objects to $8,229.00 of the $10,585.17 requested by Defendants for the following reasons:

    **1.**    **Category F - Exemplification & Copy Fees.**  Bars objects to a portion of these costs as being non-taxable.  Defendants request $9,067.50 for services rendered by Ms. Kimberly Fisher.  [Dkt. #225, Dec. of Kaplan.]  These services are identified as being for "preparation of electronic evidence and exhibits

at trial; trial exhibits." [Dkt. #225.] Defendants have identified these costs as presenting hard-copy documents in electronic form to the court and jury. [Dkt. #225, Ex. 2.]

Defendants identify $838.50 for converting hardcopies to electronic trial exhibits and not comingled with other activities. [Dkt. #225, Ex. 2., "Create electronic files of the documents…"] The remainder of Ms. Fisher's services, being $8,229.00, is identified as internal reproduction, creating electronic files identified as trial exhibits, legal document filing, assisting with preparation of evidence at trial, and assisting with trial preparation. [Dkt. #225, Ex. 2.] In fact, $7,897.50 of Ms. Fisher's services included display of the electronic exhibits and setup and removal of equipment during trial from April 20, 2014 to May 7, 2014. [Dkt. #225, Ex. 2.]

The request for $8,229.00 is improper because Defendants are impermissibly attempting to recover paralegal expenses. The Local Rules instruct the Clerk to tax costs as provided in the Bill of Costs Handbook (the "Handbook"). LR 54.1. Section II.G of the Handbook expressly prohibits paralegal expenses. These services are labor related costs and provided at the convenience of the Defendants. See also *IMRA Am., Inc. v. IPG Photonics Corp.*, Case No. 06-015139, 2012 U.S. Dist. LEXIS 177271, at *9-10 (E.D. Mich. Dec. 14, 2012) (labor related costs are not recoverable under 28 U.S.C. § 1920, only "costs inherent in the physical

2

preparation and duplication of documents") (quotations omitted) (attached as Exhibit A).  See also *Stryker Corp. v. XL Ins. Am. Inc.*, 726 F. Supp. 2d 754, 773 (W.D. Mich. 2010) aff'd in part, rev'd in part sub nom. 681 F.3d 806 (6th Cir. 2012) (denying expenses for the "internal organization and management of Plaintiffs' evidence for use in the case, such as bar-coding exhibits, importing them into 'Trial Director' software" and also costs incurred for meeting with court staff and assigning with in court presentation).

Second, these expenses would be improper even if properly categorized. Section II.F of the Handbook states that Fees for Exemplification and Copies "are not recoverable within the discretion of the taxation clerk unless counsel has previously secured an order authorizing the recovery of these costs."  Defendants have not previously secured an order authorizing the recovery of these costs.

The requested costs are either paralegal expenses or have not been previously authorized by this Court.  The amount of $8,229.00 attributed to these services is improper and should be denied.

**2.** **Category K - Other Costs.**  Bars objects to the extent that these costs are improperly categorized.  Defendants have identified these costs as being Court Reporter fees for depositions and should have itemized these expenditures under Category C - "Fees for printed or electronically recorded transcripts necessarily

3

obtained for use in the case." Bars does not object to the reasonableness of the amount indicated for these costs.

## CONCLUSION

For the foregoing reasons, Defendants' Exemplification & Copy Fees in the amount of $8,229.00 should be denied. Of the total $10,585.17 requested, only $2356.17 should be allowed.

Respectfully Submitted,

CARLSON, GASKEY & OLDS, P.C.

By: /s/ Steven Susser
Steven Susser (P52940)
Brian S. Tobin (P67621)
400 West Maple Road, Ste. 350
Birmingham, MI 48009
248-988-8360
ssusser@cgolaw.com
btobin@cgolaw.com

Dated: June 20, 2014

## CERTIFICATE OF SERVICE

I certify that on June 20, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

                                          CARLSON, GASKEY & OLDS, P.C.

                                          By:   /s/ Steven Susser
                                                   Steven Susser (P52940)
                                                   Brian S. Tobin (P67621)
                                                   400 West Maple Road, Ste. 350
                                                   Birmingham, MI 48009
                                                   248-988-8360
                                                   ssusser@cgolaw.com
                                                   btobin@cgolaw.com

Dated:  June 20, 2014