UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BAR'S PRODUCTS, INC.,                              Case No. 10-14321

                Plaintiff,                  Denise Page Hood
v.                                                 United States District Judge

BARS PRODUCTS                                      Michael Hluchaniuk
INTERNATIONAL, LTD., *et al.,*                     United States Magistrate Judge

              Defendants.
_____/

## REPORT AND RECOMMENDATION
## <u>DEFENDANTS' MOTION FOR ATTORNEY FEES (Dkt. 220)</u>

## I.   PROCEDURAL HISTORY

On October 27, 2010, plaintiff Bar's Products, Inc. ("Bars") filed this lawsuit against Bars Products International, Ltd. and others (collectively "BPI"), asserting claims for  trademark infringement and unfair competition under the Lanham Act (Counts I and II), declaratory relief (Count III), and Common Law Unfair Competition (Count IV).  (Dkt. 1).  Bars subsequently filed motion for preliminary injunction on February 22, 2011 (Dkt. 3), and an amended complaint to correct the parties on March 31, 2011, but asserting the same claims.  (Dkt. 9).

On March 29, 2011, BPI filed an action against Bars in the United States District Court - Central District of California (Case No. CV 11-2631), alleging breach of contract and California unfair competition, and seeking a declaration of

1

no liability in the Michigan action.  That lawsuit subsequently was ordered transferred to Michigan and consolidated with this case (as the first-filed case) on June 6, 2011.  (Dkt. 30).  BPI filed an answer to Bars' amended complaint on October 20, 2011, and asserted a counterclaim alleging a breach of the 1973 contract between BPI and Bars (Count I) and common law unfair competition (Count II).  (Dkt. 44).

On September 29, 2011, the Court issued an order denying Bars' motion for preliminary injunction and an order dismissing Bars' Lanham Act claims for failure to identify specific defendant(s) in those claims who is/are alleged to have committed the violations (Counts I and II), and dismissing the declaratory relief claim (Count III), but permitting Bars' common law unfair competition claim (Count IV) to remain.  (Dkt. 37).  Bars then sought leave to file a second amended complaint to more clearly set forth the Lanham Act allegations.  (Dkt. 40).  The Court granted the motion for leave to amend as to Counts I and II (Lanham Act claims), but denied the motion as to Count III (Declaratory relief), as futile.  (Dkt. 88).  The Court also denied the motion for reconsideration of the order denying Bars' motion for preliminary injunction.  *Id.*  Plaintiff's second amended complaint was filed on March 15, 2012.  (Dkt. 90).

On April 21, 2014, this case proceeded to trial.  BPI brought a motion for judgment as a matter of law at the close of Bars' case in chief, which the Court

took under advisement.  (Dkt. 195, TT 4/24/14 at 97-98, 113).  The Court entered

a Stipulated Order dismissing Bars' unfair competition claim on May 8, 2014.

(Dkt. 196).  At the close of proofs, the Court decided and granted BPI's judgment

as a matter of law with respect to Bars' Lanham Act claims (Dkt. 203; Dkt. 198,

TT 5/7/14 at 9-15), and consequently the jury was given only BPI's counterclaims

to decide.  The jury returned a verdict in favor of BPI on its counterclaims and the

Court entered judgment for BPI in the amount of $2,535,044.00 on May 13, 2014.

(Dkt. 205).[1]

On June 10, 2014, defendants BPI and Arthur Omoto filed the instant

motion for attorney fees against Bars under the Lanham Act, 15 U.S.C.

§ 1117(a)(3), and against Bars' counsel, Douglas Sprinkle, Julie Greenberg and

the Law Firm of Gifford, Krass, Sprinkle, Anderson & Citkowski, for costs and

attorney's fees under 28 U.S.C. § 1927, along with supporting declarations.  (Dkt.

220, 221-24).  Douglas Sprinkle and Julie Greenberg (the "GK Attorneys") filed

their response to BPI's motion for fees under 28 U.S.C. § 1927 on June 26, 2014

(Dkt. 230), and plaintiff Bars filed its response to the motion on June 27, 2014.

(Dkt. 232).  BPI filed its reply briefs in support of its motion on July 7 and 10,

2014.  (Dkt. 235, 237).  The parties filed their "Joint" statements on September 4

and 5, 2014. (Dkt. 240, 241).  Pursuant to notice, a hearing was held before the

---

[1] On May 14, 2014, Bars filed a notice of appeal of the final judgment.  (Dkt. 206).

undersigned on September 11, 2014. This matter is now ready for report and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that BPI's motion for attorney fees be **DENIED**.

## II.   FACTUAL BACKGROUND

According to Bars' second amended complaint and BPI's counterclaim, in 1973, Harry Omoto, the principal of defendant BPI, paid $500,000.00 to Bars for Bars' exclusive international business and territories outside the United States and Canada for automotive radiator cooling system products. Bars retained the rights to sell the products nationally and in Canada. Both parties sell, among other products, a product called "Bars Leaks," designed to stop leaks in radiators and other parts of a vehicle. Approximately 30 years later, Bars sought to purchase from BPI the right to sell its products in some foreign territories, and BPI granted Bars permission to sell products in Mexico under the BAR's, BAR'S LEAKS and related marks, but refused to be acquired by Bars. Bars subsequently purchased a longstanding international competitor of automotive products operating under the trademark RISLONE, and continued domestic and foreign sales of Rislone products. BPI claims that the formulas for Rislone and Bars Leaks are virtually the same and that Bars therefore violated the 1973 contract.

Bars claims that in 2010, BPI registered to attend the AAPEX trade show as

4

an Exhibitor with its own "Bars Leaks" booth (it had previously only attended the trade show as an attendee with Bars at Bars' booth), and that at AAPEX BPI promoted and offered products for sale under the trademarks "Bar's Leaks" and "Bar's Products," both registered trademarks belonging to Bars.  After unsuccessful negotiations regarding trademark infringements and unfair competition based on BPI's appearance at AAPEX, Bars filed the instant action based on BPI's alleged U.S. promotion of the registered "BARS PRODUCTS" and "BAR'S LEAKS" trademarks in connection with the AAPEX show.  Following a jury trial and judgment in its favor on its counterclaims, BPI moved for an award of attorney's fees against Bars under the Lanham Act and for an award against Bars' counsel for excessive costs and attorney's fees incurred pursuant to 28 U.S.C. § 1927.

## III.    ANALYSIS AND CONCLUSIONS

### A.    Motion for Fees Under the Lanham Act

#### 1.    <u>Legal Standard</u>

Although the rule in American civil litigation is that litigants generally have to bear their own legal costs, Congress has authorized the award of attorney's fees to prevailing parties in numerous statutes, including the one at issue here.  The relevant portion of the Lanham Act at issue in this motion reads as follows: "The court in exceptional cases may award reasonable attorney fees to the prevailing

party." 15 U.S.C. § 1117(a). Thus, the Lanham Act § 1117(a) yields two

inquiries: (1) whether the requesting party was the "prevailing party," and

(2) whether the case was "exceptional." *See Audi AG v. D'Amato*, 469 F.3d 534,

550 (6th Cir. 2006). The parties here do not dispute that BPI is "prevailing party,"

but do dispute that this is an "exceptional" case.

The Lanham Act does not define "exceptional." However, the Sixth Circuit

has held that "an 'exceptional' case is one where a defendant engaged in trade

practices that were 'malicious, fraudulent, willful or deliberate,' . . . or where a

plaintiff brings a suit that could fairly be described as 'oppressive.'" *See Balance*

*Dynamics Corp. v. Schmitt Indus., Inc.*, 208 F.3d 212, 2000 WL 226959, at *1 (6th

Cir. 2000) (citations omitted). The Sixth Circuit has indicated that the

"oppressive" standard applicable to prevailing defendants requires "an objective

inquiry into whether the suit was unfounded when it was brought and a subjective

inquiry into the plaintiff's conduct during litigation." *Eagles, Ltd. v. American*

*Eagle Foundation*, 356 F.3d 724, 728-29 (6th Cir. 2004) (citations omitted). "No

one factor is determinative, and an infringement suit could be 'exceptional' for a

prevailing defendant because of (1) its lack of any foundation, (2) the plaintiff's

bad faith in bringing the suit, (3) the unusually vexatious and oppressive manner

in which it is prosecuted, or (4) perhaps for other reasons as well." *Id.* at 729

(citing *National Ass'n of Prof'l Baseball Leagues, Inc. v. Very Minor Leagues,*

6

2:10-cv-14321-DPH-MJH   Doc # 244   Filed 09/19/14   Pg 7 of 21   Pg ID 5541

*Inc.*, 223 F.3d 1143, 1146-47 (10th Cir. 2000)). "Awarding attorney's fees to a prevailing defendant is meant to 'provide protection against *unfounded* suits brought by trademark owners for *harassment* and the like." *Id.* (quoting S. Rep. No. 93-1400 (1974), *reprinted in* 1974 U.S.C.C.A.N. 7132, 7136 (emphasis added)).

### 2.     Whether this is an "exceptional" case under the Lanham Act

As stated above, BPI must show that this case is "exceptional" to be entitled to an award of attorney fees, and a case is "exceptional" where the defendant shows that the plaintiff brought an "oppressive" suit. *See Eagles*, 356 F.3d at 728-29. In the Sixth Circuit, the "oppressive" standard applicable to prevailing defendants requires "an objective inquiry into whether the suit was unfounded when it was brought and a subjective inquiry into the plaintiff's conduct during litigation." *Id.*

### a.     Objective inquiry - the merits of Bars' claims

The objective inquiry looks at whether the suit was unfounded when it was brought. *Eagles*, 356 F.3d at 728-29. The Sixth Circuit has held that "[w]here a plaintiff sues under a colorable, yet ultimately losing, argument, an award of attorney's fees is inappropriate." *Id.* at 728 (quoting *American Council of Certified Podiatric Physicians & Surgeons v. American Bd. of Podiatric Surgery,*

*Inc.*, 185 F.3d 606, 625 (6th Cir. 1999)).

BPI argues that Bars should have known that its claims were not well grounded in fact at the time it commenced this litigation and the fact that Bars' motion for preliminary injunction was denied and it claims were all dismissed is an objective measurement of the lack of merit. However, that the Court did not grant Bars' motion for preliminary injunction and ultimately granted BPI's motion for judgment as a matter of law at the close of proofs at trial does not render Bars' complaint unfounded when it was brought. *See J.M. Hollister, LLC v. American Eagle Outfitters, Inc.*, 2005 WL 1076246, at *2 (S.D. Ohio May 5, 2005) (denying defendant's motion for attorney fees, finding that case was not "unfounded when it was brought," even though court granted summary judgment to defendant and stated that the case was "undoubtedly weak"); *see also Murray Hill Publ'ns, Inc. v. ABC Communications, Inc.*, 264 F.3d 622, 639-40 (6th Cir. 2001) (reversing award of attorney fees in Copyright Act case where plaintiff had presented "colorable, albeit meritless" claims), *abrogated on other grounds in part by Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010).

The Court denied Bars' motion for preliminary injunction, and dismissed the Lanham Act claims in the first amended complaint because it found that "Plaintiffs do not identify the specific 'Defendant' who has committed the violations or if all of the newly-named 'Defendants' violated the Lanham Act,"

and thus "the Court is unable to determine at this point in time whether Plaintiff will likely to [sic] succeed on the merits in its Lanham Act claims against any of the newly named Defendants."  (Dkt. 37, Pg ID 606-07, 609-10).  The Court did not find the Lanham Act claims meritless or unfounded.  Bars then sought leave to file a second amended complaint to more clearly set forth the allegations, and asserted two principle grounds of its Lanham Act claims: (1) BPI's display of infringing marks on its website; and (2) BPI's improper use of its infringing marks at the 2010 AAPEX trade show.  (Dkt. 40).  The Court found that "Plaintiff has not alleged that apart from displaying the mark at the AAPEX show, Defendants have sold any products with the mark within the United States or Canada," and "[t]his lack of facts supporting Defendants' use of the mark in any products sold within the United States or Canada demonstrates that Plaintiff failed to state a claim upon which relief may be granted as to the Lanham Act claims against the remaining Defendants," but that "[t]he website clearly advertises the goods with the marks at issue [and] [a]t this juncture, the website is sufficient to state a claim upon which relief may be granted."  (Dkt. 88, Pg ID 2193).  The Court then granted the motion to amend the complaint, ruling that "Counts I and II (the Lanham Act claims) remain as to Defendants Bar's Products International, Ltd. and Arthur Omoto."  *Id.*

Bars subsequently filed its second amended complaint on March 15, 2012,

again asserting two principle grounds of its Lanham Act claims: (1) BPI's display of infringing marks on its website; and (2) BPI's improper use of its infringing marks at the 2010 and 2011 AAPEX trade shows.  (Dkt. 90).  Paragraph 15 of the Second Amended Complaint states:

> Plaintiff acknowledges that the allegations above regarding the attendance as an exhibitor by the Defendants at the AAPEX show in Las Vegas may have been affected by the Court's order of March 9, 2012. However, since the Second Amended Complaint effectively replaces the prior Complaints, these allegations are stated herein for the purpose of preserving Plaintiff's rights on appeal.

(Dkt. 90, ¶ 15).  BPI did not object to the second amended complaint or move to dismiss any of the allegations.  In fact, Bars was allowed to proceed at trial with proofs based on BPI's attendance at the AAPEX trade shows, and Bars chose not to present its case based on BPI's website.  It was not until the close of all proofs that the Court ultimately granted BPI's motion for judgment as a matter of law on Bars' Lanham Act claims.  (Dkt. 198, TT 5/7/14 Pg ID 4742) (ruling "as a judgment as a matter of law, any claims regarding the AAPEX show will not be brought before the jury.").

Bars contends that it has asserted more than just a "colorable argument" of trademark infringement, and argues that, at a minimum, because the Court "allowed the Landham [sic] Act claims to proceed with regard to the web site and

allowed the filing of the Second Amended Complaint" (Dkt. 198, TT 5/7/14 at

11), the Court agreed that BPI's display of infringing marks on its website was at

least "colorable." Indeed, there was no finding by the Court that the Lanham Act

claims were unfounded or meritless. That the Court ultimately granted the

judgment as a matter of law does not render Bars' complaint unfounded. *See, e.g.,*

*Hollister*, 2005 WL 1076246, at *2 (plaintiff's claim was colorable where it made

"an effort to present evidence in support of each element of a trademark

infringement claim," even through summary judgment was granted in defendant's

favor). "Guaranteed success, of course, is not a prerequisite to filing suit. [Bars] is

entitled to take legal action to protect its intellectual property rights." *See id.*

Under these facts, the undersigned concludes that Bars' Lanham Act claims, which

were not dismissed until after the close of proofs at trial, were not unfounded

when they were brought.

Accordingly, the undersigned finds that there is no evidence that Bars'

complaint was unfounded when it was brought, and BPI has failed to establish that

this is an "exceptional" case warranting attorney fees under the Lanham Act. The

undersigned therefore **RECOMMENDS** that BPI's motion for attorney fees be

**DENIED** for this reason.

### b.    Subjective Inquiry - Plaintiff's conduct

A second purpose of the attorney fee provision in the Lanham Act is to

11

protect defendants against "harassment." *See Eagles*, 356 F.3d at 729. Thus, the test for whether a case is oppressive also involves an inquiry into the plaintiff's conduct during the litigation. *Id.*

BPI argues that this case is exceptional and warrants an award of attorneys' fees because Bars exhibited bad faith and oppressive conduct in pursuing its claims against BPI. Specifically, BPI claims that the lawsuit had elements of an abuse of process and unreasonably increased the costs of defending it in that Bars continued to ignore the Court's rulings and simply regurgitated previously decided issues and decisions which were unfavorable to it. BPI complains that Bars filed a second amended complaint that added factual allegations that were not in the proposed second amended complaint submitted to the Court with the motion for leave, and then filed five motions for judgment as a matter of law, attaching "evidence" that had not been submitted or admitted at trial, and that these motions ultimately were denied but nevertheless unnecessarily increased the cost of litigation.

However, upon review of the proceedings, the undersigned does not conclude that Bars acted in a harassing or oppressive manner in pursuing its Lanham Act claims. As explained above, Bars' claims were not completely unfounded or meritless when brought. Second, Bars did not proceed unreasonably in this litigation; but rather its claims were resolved in the ordinary course. It

12

appears that Bars did file a second amended complaint that differed from the one attached to its motion for leave to file the amended complaint, but as Bars points out, BPI never objected to this second amended complaint or moved to dismiss any of the allegations, but instead simply filed its answer. Further, the Court allowed Bars to offer proofs at trial on those allegations in the second amended complaint, before ultimately granting BPI's motion for judgment as a matter of law on those claims. And, as Bars explains, the five motions for judgment as a matter of law it filed at the close of proofs at trial addressed only BPI's counterclaims, not Bars' Lanham Act claims. Accordingly, those motions are not relevant for purposes of BPI's motion here, as "the prevailing party can only recover attorneys' fees 'for work performed in connection with claims filed under the Lanham Act." *U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1193 (6th Cir. 1997). Finally, BPI's unsupported conclusory allegation that Bars filed this lawsuit solely to harass and cause economic hardship to BPI fails to support a claim for attorney fees under the Lanham Act. While Bars has zealously litigated its claims, nothing in the record rises to the level of maliciousness, bad faith, or willful misconduct, and "[l]itigiousness . . . does not necessarily constitute bad faith." *See Wagner v. Circle W Mastiffs*, 2014 WL 4417761, at *7 (S.D. Ohio Sept. 8, 2014).

Whether to award attorney fees is a matter within the court's discretion. *See*

13

*Audi AG*, 469 F.3d at 550.  After carefully considering BPI's argument and the circumstances of this case, the undersigned finds that neither Bars' initiation of the suit nor its conduct during the litigation were so clearly improper as to deem this an "exceptional" case.  Under the circumstances presented here, the undersigned concludes that Bars' suit was not "oppressive."  Therefore, because it is not an "exceptional case," the undersigned **RECOMMENDS** that BPI's motion for attorney fees under the Lanham Act be **DENIED**.

### B.      Motion for Fees Pursuant to 28 U.S.C. § 1927

#### 1.      Legal standard

BPI also moves for an award for excessive costs and attorney's fees against Bars' counsel, Douglas Sprinkle, Julie Greenberg and the Law Firm of Gifford, Krass, Sprinkle, Anderson & Citkowski, P.C.  (the "GK Attorneys"), incurred pursuant to 28 U.S.C. § 1927.

28 U.S.C. § 1927 provides:

> Any attorney or other person admitted to conduct cases
> in any court of the United States or any Territory thereof
> who so multiplies the proceedings in any case
> unreasonably and vexatiously may be required by the
> court to satisfy personally the excess costs, expenses,
> and attorneys' fees reasonably incurred because of such
> conduct.

The Sixth Circuit has held that § 1927 "authorizes a court to assess fees against an attorney for 'unreasonable and vexatious' multiplication of litigation despite the

14

absence of any conscious impropriety." *Jones v. Continental Corp.*, 789 F.2d

1225, 1230 (6th Cir. 1986). The Sixth Circuit has further held that the appropriate

inquiry under § 1927 does not require bad faith:

> the question under 28 U.S.C. § 1927 is whether
> Plaintiff's attorney "multiplie[d] the proceedings ...
> unreasonably and vexatiously." An affirmative answer
> to that question does not require a finding of
> recklessness, subjective bad faith, or conscious
> impropriety; an attorney does not have carte blanche to
> burden the federal courts by pursuing claims that he
> should know are frivolous ...

*Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416 (6th Cir. 2006) (quoting *Haynie v.*

*Ross Gear Div. of TRW, Inc.*, 799 F.2d 237, 243 (6th Cir. 1986) (internal citations

omitted)). Rather, an attorney can be found to have unreasonably and vexatiously

multiplied the litigation, and an assessment of fees against that attorney is proper,

where:

> [A]n attorney knows or reasonably should know that a
> claim pursued is frivolous, or that his or her litigation
> tactics will needlessly obstruct the litigation of
> nonfrivolous claims.

*Trustees of Laborers*, *Local 310 Pension Fund v. Able Contracting Group*, *Inc.*,

2007 WL 184748, at *3 (N.D. Ohio Jan. 19, 2007) (quoting *Jones*, 789 F.2d at

1230). The Sixth Circuit subsequently held that § 1927 sanctions are appropriate

where: "[A]n attorney has engaged in some sort of conduct that, from an objective

standpoint, falls short of the obligations owed by the member of the bar to the

court and which, as a result, causes additional expense to the opposing party."

*Shepard v. Wellman*, 313 F.3d 963, 969 (6th Cir. 2003) (internal quotation marks

omitted). The standard for imposing sanctions under § 1927, however, continues

to be the objective standard announced in *Jones*. *Ridder v. City of Springfield*,

109 F.3d 288, 298 (6th Cir. 1997). And, "[a]n attorney is liable under § 1927

solely for excessive costs resulting from the violative conduct." *Id.* at 299.

### 2. Whether BPI is entitled to fees pursuant to 28 USC § 1927

BPI argues that it is entitled to recover fees under § 1927, and complains

that the GK attorneys: (1) initially refused to amend the complaint to properly

name the correct entity–forcing BPI to file a separate action (the California case);

(2) brought five motions for judgment as a matter of law, which first were not

properly served and which included as exhibits documents that were not admitted

during the trial, and these motion were all denied; (3) sought a preliminary

injunction, which was denied, and then sought reconsideration, which was also

denied; (4) filed an emergency motion for temporary restraining order, which was

not granted; (5) refused to agree to a protective order regarding confidentiality,

causing BPI to file a motion; (6) failed to comply with discovery rules, causing

BPI to file a motion to compel; and (7) violated the Court's civility rules in

various briefs filed with the Court.

First, regarding the five motions for judgment as a matter of law, the

undersigned notes that the GK Attorneys did not file those five motions at the conclusion of the proofs at trial that BPI complains of, new counsel for Bars did. The undersigned concludes that the GK Attorneys assert, correctly, that they cannot be held liable under 28 U.S.C. § 1927 for the actions of other counsel in this matter.  Rather, § 1927 "subjects attorneys to *personal liability* for unreasonably and vexatiously 'mulitpl[ying] the proceedings in any case,'" *Jackson v. Law Firm of O'Hara, Ruberg, Osborne and Taylor*, 875 F.2d 1224, 1229 (6th Cir. 1989), and "is intended to require attorneys to satisfy personally the excess costs attributable to *their* misconduct."  *Piljan v. Michigan Dep't of Soc. Servs.*, 585 F. Supp. 1579, 1583 (E.D. Mich. 1984); *see also In re Ruben*, 825 F.2d 977, 984 (6th Cir. 1987) (explaining that "[t]here must be some conduct on the part of the subject attorney" for § 1927 liability); *U.S. v. Ross*, 535 F.2d 346, 350 (6th Cir. 1976) (28 U.S.C. § 1927 is penal in nature and must therefore be strictly construed).

   The GK Attorneys argue that, with the exception of the unnecessary duplicate filing of the California lawsuit by BPI, there has been no multiplication of the proceedings here, with only a handful of motions filed and six total depositions taken.  The undersigned agrees and finds that an award of fees under § 1927 is not warranted.  Bars' motion for preliminary injunctive relief was not improper and the mere fact that the motion was denied does not evidence a

17

multiplication of the proceedings or vexatious conduct. Similarly, the mere filing of a motion for protective order or motion to compel does not support an award of fees. As the GK Attorneys note in their brief, Judge Cohn, sitting by designation, said that the court should not await the aggregation of multiple acts of misconduct before awarding attorneys fees, without warning the attorneys at the time of each act or reserving decision on timely requests by opposing counsel. *See Ruben v. Warren City Schs.*, 825 F.2d 977, 990 (6th Cir. 1987).[2] The GK Attorneys contend that in this case no such warning was every issued against them since no such misconduct occurred. The undersigned finds no basis to award those fees now. Finally, BPI fails to assert how the alleged lack of civility multiplied the proceedings or was vexatious, as required by § 1927.

As for the filing of the California lawsuit, the GK Attorneys acknowledge that there was some confusion initially in identifying the proper state of incorporation of BPI, resulting in part from the multiple, nearly identically-named entities all owned by Arthur Omoto, all with the same street address. Thus, the

---

[2] Similarly, in *Powerhouse Marks LLC v. Chi Hsin Impex, Inc.*, 463 F. Supp.2d 733 (E.D. Mich. 2006), Judge Duggan carved out an exception to an award of attorney fees requested pursuant to 15 U.S.C. § 1117(a) for "attorney fees relating to discovery disputes." *Id.* at 741-42. Judge Duggan's logic was based on the notion that attorney fees could have been requested for each motion relating to a discovery dispute and where a party waits until the end of the litigation to request attorney fees related to those motions it puts the court in a "difficult position" to then attempt to determine "fault" on each motion and conduct a "mini-trial" with respect to each dispute. Judge Duggan's logic is persuasive here and it should be applied to the circumstances of this case. As Bars points out, BPI repeatedly requested attorneys fees in motions before Judge Hood, and those requests were denied. (Dkt. 47, 48, 50, 52, 57, 69, 70, 81, 83, 84).

GK Attorneys explain that all like-named entities were named as party-defendants, but ultimately the correct parties were identified and properly named. The GK Attorneys assert there is no logical explanation why any party would want to inaccurately name an opposite party, and its conduct was not vexatious. Indeed, as the California District Court found in ruling on Bars' motion to transfer that action to Michigan:

> The facts clearly indicate that BPI should have known (and indeed, did know) that Bar's Products was attempting to name it, not an entity that did not exist, in the original complaint. Moreover, . . . Bar's Product's mistake was understandable, given the names of the wrongly named defendant and BPI are similar, and there was no apparent strategy to Bar's Products naming a non-existent entity from which it could obtain no relief.

(Dkt. 30, Pg ID 579). And, as Judge Hood noted in denying BPI's motion for attorneys fees pursuant to § 1927 earlier in the litigation, "it was Defendants [BPI] who filed the second action in April 2011, after the instant action was filed by Plaintiff [Bar's Products]. Plaintiff did not multiply the proceedings based on the defense's conduct of filing a second action." (Dkt. 50). These facts simply do not merit an award of attorneys fees under § 1927.

To sum, the undersigned concludes that BPI has not established that the GK Attorneys have engaged in "vexatious" conduct or have "multiplied the proceedings" sufficient to merit an award of attorneys fees under 28 U.S.C.

19

§ 1927. Therefore, the undersigned **RECOMMENDS** that BPI's motion for attorney fees against the GK Attorneys under 28 U.S.C. § 1927 be **DENIED**.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that Defendants' motion for attorney fees under the Lanham Act and 28 U.S.C. § 1927 be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an

20

objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).

The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection

No. 2," etc.  If the Court determines that any objections are without merit, it may

rule without awaiting the response.

Date: September 19, 2014                s/Michael Hluchaniuk
                                        Michael Hluchaniuk
                                        United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on September 19, 2014, I electronically filed the foregoing
paper with the Clerk of the Court using the ECF system, which will send
electronic notification to all counsel of record.

                                        s/Tammy Hallwood
                                        Case Manager
                                        (810) 341-7887
                                        tammy_hallwood@mied.uscourts.gov