**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

BAR'S PRODUCTS, INC.,

    Plaintiff/Counter-Defendant,

                                                Case No. 10-14321

v.

                                                HON. DENISE PAGE HOOD

BAR'S PRODUCTS INTERNATIONAL, LTD.,

    Defendant/Counter-Plaintiff.

_____/

**ORDER DENYING RENEWED MOTION
FOR JUDGMENT AS A MATTER OF LAW, OR,
IN THE ALTERNATIVE FOR NEW TRIAL**

**I.     BACKGROUND**

       This matter is before the Court on a Renewed Motion for Judgment as a Matter of Law, or, in the alternative, a new trial filed by Plaintiff/Counter-Defendant Bar's Products, Inc. ("Bar's Products") with respect to Counts I (Breach of Contract) and II (Unfair Competition) of Defendant/Counter-Plaintiff's Bar's Products International, LTD's ("BPI's") Counterclaim.  Bar's Products also seeks remittitur as to the damages awarded under the Unfair Competition count.  Bar's Products also moves for judgment as a matter of law, or, in the alternative, a new trial, as to Counts I and II of

its Second Amended Complaint.

A jury trial began in this matter on April 21, 2014. On May 9, 2014, the jury rendered its verdict and awarded BPI on its Counterclaim against Bar's Product $2,535,044.00 in damages. (Verdict Form, Doc. No. 201; Judgment, Doc. No. 205) At trial, the Court granted BPI's Motion for Judgment as a Matter of Law as to Bar's Products' remaining claims in Counts I and II of its Second Amended Complaint. (Doc. No. 203).

## II.     RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW

### A.     Standard

Motions for Judgment as a Matter of Law are governed by Rule 50(a) of the Rules of Civil Procedure which provides:

> **(a)     Judgment as a Matter of Law.**
> (**1**)     *In General.* If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
> (A) resolve the issue against the party; and
> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.
> **(2)**     *Motion.* A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.

Fed. R. Civ. P. 50(a). If the court does not rule on the motion for judgment as a matter of law after the close of all the evidence, the court is considered to have submitted the action to the jury. Fed. R. Civ. P. 50(b). The motion may be renewed by filing a motion no later than 28 days after the judgment has been entered. Fed. R. Civ. P. 50(b). Failure to make a pre-verdict motion for judgment as a matter of law under Rule 50(a) precludes any post-verdict motion under Rule 50(b) and any such claim is waived. *Sykes v. Anderson,* 625 F.3d 294, 304 (6th Cir. 2010); *American and Foreign Ins. Co., v. Bolt,* 106 F.3d 155, 160 (6th Cir. 1997).

Judgment as a matter of law is appropriate when "viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact for the jury, and reasonable minds could come to but one conclusion in favor of the moving party." *Tisdale v. Federal Express, Corp.,* 415 F.3d 516, 527 (6th Cir. 2005); *Jackson v. Quanex Corp.*, 191 F.3d 647, 657 (6th Cir. 1999). "The evidence should not be weighed, and the credibility of the witnesses should not be questioned. The judgment of this court should not be substituted for that of the jury; instead, the evidence should be viewed in the light most favorable to the party against whom the motion is made, and that party given the benefit of all reasonable inferences." *Tisdale,* 415 F.3d at 530. "[W]henever there is a complete absence of pleading or proof on an issue material to the cause of action or when no disputed issues of fact exist such that

reasonable minds would not differ" only then is it appropriate to take the case away from the jury. *O'Neill v. Kiledjian*, 511 F.2d 511, 513 (6th Cir. 1975).

### B. Breach of Contract (Count I of Counterclaim)

Bar's Products argues that as to the breach of contract claim alleged in BPI's Counterclaim, no reasonable jury could have found Bar's Products liable because it did not breach any agreement, it did not breach any implied covenant, it was not bound by an enforceable covenant not to compete, and it did not compete with BPI. Essentially, Bar's Products argues that the various agreements and assignments entered into by Fre-Bar Inc. (Bar's Products' prior name) in 1973 do not establish that Bar's Products agreed not to compete against BPI.

The Court previously denied Bar's Products' motion for partial summary judgment on this issue, having found that the various documents entered into in 1973 could be construed as part of the transaction. (Doc. No. 131). At trial, the Court denied Bar's Products' Motion in Limine and Motion for Judgment as a Matter of Law as to Bar's Products' argument that it should not be bound by the 1973 agreements and assignments. (Doc. Nos. 131, 204, 207) The Court allowed the jury to consider whether the 1973 agreements and assignments were part of the transactions between the parties and whether Bar's Products was liable under these documents. The jury determined whether Bar's Products was liable under the 1973

documents and whether an additional 33 years is a reasonable time for any non-compete agreement between the parties. The jury found in favor of BPI and against Bar's Products.

Bar's Products has not carried its burden in its judgment as a matter of law motion regarding the implied covenant not to compete issue. Bar's Products claims that there was no evidence at trial which authorized Fred D. Barton to enter into a contract on behalf of Bar's Products. BPI argues that contrary to Bar's Products claim, Mr. Barton was a majority shareholder, officer and director and a shareholder of Fre-Bar (Bar's Products' predecessor). BPI claims that the Court ruled on this issue in its denial of Bar's Products' motion in limine.

The 1973 documents at issue were all admitted exhibits. No signatories to those agreements testified at trial so those documents speak for themselves. BPI argued before the jury that Mr. Barton had the authority to enter into all of these 9 agreements/documents on behalf of Fre-Bar. Viewing the evidence in light most favorable to the non-moving party, BPI, the jury could find that Mr. Barton had the authority to enter into the agreements at issue on behalf of Fre-Bar given all the inter-relatedness of the documents and parties.

As this Court previously found, there were genuine issues of fact to be tried before the jury as to the breach of contract claim as alleged in the Counterclaim. The

Court cannot weigh the evidence or judge the credibility of the witnesses in a renewed motion for judgment as a matter of law. Viewing the light most favorable to BPI, the Court finds that BPI has presented sufficient evidence to support the jury's finding that Bar's Products breached the various agreements between the parties. Bar's Products' Renewed Motion for Judgment as a matter of law as to the breach of contract counterclaim is denied.

### C. Unfair Competition (Count II of Counterclaim)

Bar's Products argues that BPI offered no proof that Bar's Products "pirated" the name "Bar's Leaks" therefore, there was no basis for the jury's verdict that Bar's Products was liable for unfair competition. Bar's Products also argues that BPI's unfair competition claim is based on the same contractual duty that supports its breach of contract claim, and, unless there is a duty independent of a contractual duty between the parties, Bar's Products is not liable under the unfair competition claim.

Michigan law applies unfair competition claims to "any conduct that is fraudulent or deceptive and tends to mislead the public." *ATCO Indus., Inc. v. Senteck Corp.,* 2003 WL 21582962, at *3 (Mich. App. Jul. 10, 2003). Unfair and unethical trade practices that are harmful to one's competitors or to the general public are prohibited. *Id.* The duty not to engage in fraudulent or deceptive conduct that will mislead the public is a duty that is separate and distinct from the contractual duties

between the parties. *See Compuware Corp. v. Affiliated Computer Serv., Inc.,* 2012 WL 1094349, at *4 (E.D. Mich. Apr. 2, 2012).

As noted previously by the Court, the unfair competition claims are independent of a breach of contract claim and that there is evidence oral and documentary presented at trial on this issue. Specifically, Arthur Omoto testified that Bar's Products registered its trademarks in Mexico, China, France, Spain, India and Trinidad, among others and that Bar's Products knew of BPI's rights, yet continued to engage in this unfair manner. Evidence at trial was presented that Bar's Products also conspired with SONEX to sell Bar's Leaks products where BPI had trademarks and that Bar's Products sold products in Trinidad. There is also evidence presented that Bar's Products conspired with others to sell products at countries where BPI held the trademarks of the products. Further evidence was presented that Bar's Products may have attempted to deceive the public or those purchasing the products that Bar's Products had the authority to sell such products outside the United States and Canada. This duty not to deceive the public or the buyers of these products, is a separate and distinct from the contractual duties between the parties. These facts are separate from the breach of contract claim as argued by BPI.

Viewing the light most favorable to the non-moving party, BPI, the jury could have found that Bar's Products breached its duty not to engage in deceptive conduct

to others as to Bar's Products' authority to sell the products outside the United States and Canada. Bar's Products' Rule 50(a) motion as to the unfair competition counterclaim is denied.

### D. Jury Verdict / Damages

Bar's Products argues that the jury's verdict was "wildly excessive" as to the contract damages, justifying a new trial or remittitur. (Motion, Doc. No. 218, Pg ID 5019) As to the damages awarded in the unfair competition claim, Bar's Products argues that the maximum amount the jury could have awarded is "precisely $0.00, because BPI did not identify any evidenced on this issue." (Motion, Doc. No. 218, Pg ID 5024)

"A trial court is within its discretion in remitting a verdict only when, after reviewing all evidence in the light most favorable to the awardee, it is convinced that the verdict is clearly excessive." *Fuhr v. School Dist. of City of Hazel Park,* 364 F.3d 753 (6th Cir. 2004)(quoting *Farber v. Massilon Bd. of Educ.,* 917 F.2d 1391, 1395 (6th Cir. 1990)). In a motion for remittitur governed by state law, federal courts are guided by "damage-control standard" a state law supplies. *See, Farley v. Country Coach Inc.,* Case No. 08-1591, 403 F. App'x 973, 980 (6th Cir. Dec. 15, 2010). Under Michigan law, a trial court can remit a jury verdict to the highest amount the evidence will support, only if the court finds that the only error is the excessive

verdict. *Id.* at 980. "A verdict should not be set aside simply because the method of computation used by the jury in assessing damages cannot be determined, unless it is not within the range of evidence presented at trial." *Id.* at 981 (quoting *Diamond v. Witherspoon*, 265 Mich. App. 674 (2005)). In a breach of contract claim, while a plaintiff must prove damages "with reasonable certainty" and without speculation or conjecture, it is not necessary that it be with "mathematical precision." *Hoffman v. Auto Club Ins. Ass'n*, 211 Mich. App. 55 (1995). Damages for unfair competition is the loss actually sustained by a plaintiff as the direct and natural consequence of such acts and a plaintiff is entitled to damages the plaintiff might have realized if not for the unfair competition. *See, Liberty Oil Corp. v. Crowley, Milner & Co.,* 270 Mich. 187, 196 (1935); *Skimin v. Fuelgas Co.,* 339 Mich. 523, 530 (1954).

The jury awarded BPI $1,560,195.00 in damages as to BPI's breach of contract claim. As to BPI's unfair competition claim, the jury awarded $974,849.00 in damages. In its motion, Bar's Products does not specifically identify why the damages are excessive, other than arguing it is not liable. The Court finds that the jury's damages award are within the range of evidence presented at trial in light of testimony presented by BPI's fact and expert witnesses. BPI requested up to $2,815,062 in damages, in addition to future damages in the amount of $8,327,433. The jury's damages award to BPI on the breach of contract claim in the amount of

9

$1,560,195.00 and $974,849.00 on the unfair competition claim were within the range of evidence presented before the jury. Bar's Products' remittitur request is denied.

### E. Bar's Products' Lanham Act Claims

At trial, the Court granted BPI's Rule 50(a) motion as to Bar's Products' Lanham Act claims. Bar's Products restates and incorporates by reference its previous arguments that it is entitled to judgment as a matter of law on its Lanham Act claims, not BPI.

On May 7, 2014, the Court granted BPI's Rule 50(a) oral motion to dismiss Bar's Products' Lanham Act claims in its Second Amended Complaint. (Order, Doc. No. 203) As this Court previously noted, its March 9, 2012 Order did not authorize Bar's Products to add new factual allegations, in light of this Court's previous Order only authorizing Bar's Products to file the Second Amended Complaint attached as Exhibit A to its Motion to Amend. (Order, Doc. No. 88) Instead of filing the Second Amended Complaint attached as Exhibit A to its Motion to Amend, Bar's Products, Inc. filed a different Second Amended Complaint with new facts as to the AAPEX show which such claim the Court had previously dismissed. (Doc. No. 90) The Court's March 9, 2012 Order only allowed the Lanham Act claims as to BPI's website, not as to the AAPEX show.

The Court also noted that the AAPEX show is not mentioned in the Joint Final

10

Pretrial Order. (JFPTO, Doc. No. 156) The Court ruled that any claims regarding the AAPEX show will not be brought before the jury. E.D. Mich. LR 16.2 governing final pretrial orders provide that the order "shall" contain the parties' claims and facts to be litigated. E.D. Mich. LR 16.2(b). The Joint Final Pretrial Order supersedes the pleadings and governs the course of trial. E.D. Mich. LR 16.2(a). Because the AAPEX show was not a proper issue at trial, Bar's Products' renewed Rule 50(a) motion as to the Court's dismissal of its Lanham Act claims is denied.

### III. MOTION FOR NEW TRIAL

Bar's Products seeks a new trial under Rule 59 for the same reasons argued in its Rule 50(a) motion seeking judgment as a matter of law.

Rule 59 of the Rules of Civil Procedure provides that a new trial may be granted to all or any of the parties and on all or part of the issues for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States. Fed. R. Civ. P. 59. Specific grounds for new trial have included: the verdict is against the weight of the evidence; the damages are excessive; for other reasons the trial was not fair; there were substantial errors in the admission or rejection of evidence; the giving or refusal of instructions were in error; and misconduct of counsel. *Clark v. Esser*, 907 F.Supp. 1069, 1073 (E.D. Mich. 1995); *City of Cleveland v. Peter Kiewit Sons' Co.*, 624 F.2d 749 (6th Cir. 1980); *Static*

*Control Components, Inc. v. Lexmark Int'l, Inc.,* 697 F.3d 387, 414 (6th Cir. 2012). The granting or denial of a new trial is purely within the discretion of the trial court and will not be reversed except upon a showing of abuse of discretion. *Logan v. Dayton Hudson Corp.*, 865 F.2d 789, 790 (6th Cir. 1989). The trial court has broad discretion in deciding a motion for a new trial to prevent a miscarriage of justice. *Clark*, 907 F.Supp. at 1073; *City of Cleveland*, 624 F.2d at 756; *Fryman v. Federal Crop Ins. Corp.*, 936 F.2d 244, 248 (6th Cir. 1991). If there is no motion for judgment as a matter of law made on the question of the sufficiency of the evidence, such is also not available as a ground for a motion for new trial. *Southern Ry. Co. v. Miller,* 285 F.2d 202, 206 (6th Cir. 1960). However, such a motion can be viewed as one claiming that the verdict was against the great weight of the evidence, which can be considered by the trial court as a motion for new trial under Rule 59. *Id.*

In considering a motion for new trial on the ground that the verdict is against the weight of the evidence, the court cannot set aside the verdict simply because it believes another outcome is more justified. *Denhof v. City of Grand Rapids,* 494 F.3d 534, 543-44 (6th Cir. 2007). The court must accept the jury's verdict and can only overturn the verdict if the verdict was against the weight of the evidence and the jury verdict was unreasonable. *Id.* Courts are not free to reweigh the evidence and set aside the jury verdicts merely because the jury could have drawn different inferences

or conclusions or because judges feel that other results are more reasonable. *Bruner v. Dunaway,* 684 F.2d 422, 425 (6th Cir. 1982).

For the reasons set forth above, the Court finds that the jury's verdict was reasonable and is supported by the evidence presented at trial. Bar's Products has not shown that there is a great weight of evidence to overturn the verdict. The jury had the opportunity to judge the testimony and credibility of witnesses. The Court cannot weigh the evidence or the credibility of the witnesses in reviewing a motion for new trial.

As to whether the damages are excessive, for the same reasons set forth above, the Court finds the damages were within the range of the evidence presented before the jury. Bar's Products has not set forth any other reason why the trial was not fair, that there were substantial errors in the admission or rejection of evidence, that the giving or refusal of instructions was in error, or there was misconduct by opposing counsel. The Court denies Bar's Products' Motion for New Trial.

## IV. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Plaintiff/Counter-Defendant Bar's Products, Inc.'s Renewed Motion for Judgment as a Matter of Law under Rule 50(b) or, in the alternative, for a New Trial under Rule 59 **[Doc. No. 218]** is DENIED.

        S/Denise Page Hood
        Denise Page Hood
        United States District Judge

Dated: September 29, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 29, 2015, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager