UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BAR'S PRODUCTS, INC.,

    Plaintiff/Counter-Defendant,

Case No. 10-14321

v.

HON. DENISE PAGE HOOD

BAR'S PRODUCTS INTERNATIONAL, LTD.,

    Defendant/Counter-Plaintiff.
_____/

**ORDER DENYING MOTION FOR PERMANENT INJUNCTION,
GRANTING MOTION FOR APPROVAL OF FILING
SUPPLEMENTAL DECLARATION OF ARTHUR OMOTO,
AND MOOTING MOTION TO EXPEDITE CONSIDERATION**

**I.  BACKGROUND**

This matter is before the Court on Defendant/Counter-Plaintiff Bar's Products International, LTD's ("BPI's") Motions for Permanent Injunction enjoining Plaintiff/Counter-Defendant Bar's Products, Inc. ("Bar's Products") from "commercially exploiting the automotive chemical products outside of the U.S. and Canada." (Motion, Doc. Nos. 219, 245) Bar's Products responds that BPI has not met the standard for a permanent injunction. A jury trial began in this matter on April 21, 2014. On May 9, 2014, the jury rendered its verdict and awarded BPI on its

Counterclaim against Bar's Products $2,535,044.00 in damages. (Verdict Form, Doc. No. 201; Judgment, Doc. No. 205)

BPI permanently seeks to enjoin Bar's Products and its agents, employees, representatives, officers, directors, and all others acting with and in concert with them: 1) from selling, marketing, distributing, offering for sale, advertising, and/or otherwise commercially exploiting any automotive chemical products outside of the United States and Canada, including, but not limited to, under the names "Bars Leaks" and "Rislone"; 2) from selling to companies that Bar's Products knows are exporting Original Equipment Manufacturer products to the foreign marks such as General Motors and Chrysler; 3) from registering or maintaining the registration of any Bar's Leaks trademarks in any countries outside of the United States and Canada; 3) from advertising Bar's Leaks and Rislone products on its website's "International" portion and directing its international users to the "World Headquarters" home page where the mark "Bars Leaks" and "Rislone" are clearly advertised as being closely associated; 4) from displaying and advertising at trade shows, including the AAPEX show, any display or banner of "global products", and that any display or banner contain a disclaimer that Bar's Products does not sell in the foreign markets outside of the United States and Canada and/or that such foreign sales are handled by BPI as the contracts intended; and 5) all other proper relief. (Motion, Doc. No. 219, Pg ID 5066-

67)

## II. ANALYSIS

### A. Authority to Issue Permanent Injunction

BPI's argues that it is entitled to permanent injunction because Bar's Products continues to market and sell its products outside the United and Canada even though its expert, Lawrence Simonson, testified at trial that if Bar's Products does not prevail at trial, it is not going to produce products in the future. (Motion, Doc. No. 219, Pg ID 5070) BPI claims, as found by the jury in its breach of contract claim, that it purchased the international rights to sell the automotive chemical products internationally in 1973. BPI asserts that it will be irreparably harmed by Bar's Products' conduct by "tremendously impacting its international business that it has developed over the years" and will result in "multiplicity of lawsuits." (Motion, Doc. No. 219, Pg ID 5073) BPI claims that in an international automotive products trade show in Germany, on September 18, 2014, Mr. Omoto saw Bar's Products' booth selling, marketing and advertising Rislone. BPI argues this is a "flagrant violation" of BPI's rights. (Motion, Doc. No. 245, Pg ID 5557)

Bar's Products argues that BPI's relief would be to assert any right it may have for violating BPI's trademark rights in a foreign country against Bar's Products. Bar's Products claims BPI seeks to enforce a "perpetual" non-compete contract claim of

3

BPI's "exclusive international rights." Bar's Products argues this unfair competition claim is based on a breach of contract claim and, therefore, BPI is not entitled to injunctive relief. Bar's Products further argues that the common law unfair competition claim based on Michigan law does not give this Court authority to enforce acts occurring outside of Michigan.

The federally enacted claims under the Lanham Act may be applied to conduct occurring outside the borders of the United States. *Steele v. Bulova Watch Co.,* 344 U.S. 280 (1952). BPI had no Lanham Act claim before the Court nor the jury.

In Michigan, the general rule is that "no state or nation can, by its laws, directly affect, bind, or operate upon property or persons beyond its territorial jurisdiction." *Sexton v. Ryder Truck Rental, Inc.,* 413 Mich. 406, 434 (1982). Exceptions to the general rule of extraterritoriality may be created by the legislature. *Id.* Michigan common law, like the unfair competition claim in this case, is judicially created. *Pittman v. Taylor,* 398 Mich. 41, 49 n. 8 (1976); *Mertik Maxitrol BMGH & Co. KG v. Honeywell Technologies SARL*, Case No. 10-12257, 2012 WL 748304 at *8 (E.D. Mich. Mar. 6, 2012). Applying Michigan law in this case, the Court has no authority to issue any injunctive relief for acts by Bar's Products outside Michigan based on BPI's common law unfair competition claim. Even if the Court has such authority, for the reasons set forth below, the Court denies BPI's motion to issue a permanent

injunction.

### B. Permanent Injunction

#### 1. Standard

BPI seeks a permanent injunction in this case, but did not set forth in its motion the factors required to issue such an injunction.

A party prevailing on the merits may obtain a permanent injunction by showing: 1) that it suffered an irreparable injury; 2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; 3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and 4) that the public interest would not be disserved by a permanent injunction. *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). Unfair competition is distinguishable from the infringement of a trade mark in that unfair competition does not involve necessarily the question of the exclusive right of another to the use of the name, symbol or devise. *Universal Credit Co. v. Dearborn Universal Underwriters Credit Corp.,* 309 Mich. 608, 618-19 (1944).

#### 2. Irreparable Injury

BPI prevailed on its Breach of Contract and Unfair Competition claims at trial. BPI is not entitled to injunctive relief on its breach of contract claim since compensatory damages, which the jury awarded, is a common remedy in actions based

in contract. *See In Re Bradley Estate,* 494 Mich. 367, 411 (2013).

In a case where a party does not seek to enjoin another party from the use of a trade mark or a trade name in dealing directly with the general consuming public, the question of injunctive relief for unfair competition must be determined on its own facts. *Federal Eng. Co. v. Grieves,* 315 Mich. 326, 331-32 (1946). To issue an injunction, a moving party must submit proof which tends to show that there is confusion in the minds of some purchasers as to which company they contract, as prospective customers. *Id.* at 332. If the record does not disclose confusion or deception resulting from the similarity of two names of such a character as to justify granting equitable relief, an injunction should not issue. *Id.* at 339. A corporation cannot enjoin the use of a similar name by another corporation (in the absence of statute) where the business of the latter does not encroach upon the trade of the former and constitute unfair competition. *Good Housekeeping Shop v. Smitter,* 254 Mich. 592, 599-600 (1931).

The concept of irreparable injury turns upon the inadequacy of compensatory damages. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. E.F. Hutton & Co., Inc.,* 403 F. Supp. 336, 343 (E.D. Mich. 1975). Mere loss of profits, or relative deterioration of competitive position, do not in themselves suffice. *Id.* The injury must be "both certain and great," it must be actual, and "not merely theoretical." *Id.* A party's harm

is not irreparable if it is fully compensable by money damages. *Basicomputer,* 973 F.2d at 511. Loss of customer goodwill often amounts to irreparable injury because the damages flowing from such losses are difficult to compute. *Basicomputer Corp. v. Scott,* 973 F.2d 507, 512 (6th Cir. 1992). Similarly, in an employer-employee relationship, the loss of fair competition that results from the breach of a non-competition covenant is likely to irreparably harm an employer. *Id.* The absence of irreparable injury must end the court's inquiry. *Society of St. Vincent De Paul in the Archdiocese of Detroit v. American Textile Recycling Serv.,* Case No. 13-CV014004, 2014 WL 65230 at \*7 (E.D. Mich. Jan. 8, 2014).

Words or symbols used in connection with one's goods, services, or business, or physical attributes of goods, not originally appropriable as a technical trademark or trade name, are deemed to have acquired a secondary meaning when they have become associated in the minds of purchasers or customers with the source or origin of goods or services, rather than with the goods or services themselves. *Boron Oil Co. v. Callanan,* 50 Mich. App. 580, 583 (1973). In addition to establishing secondary meaning, a party seeking an injunction must show: length of use of the name, symbol or mark; the nature and extent of popularizing and advertising the name, symbol or mark; the efforts expended by the party in promoting the connection in the minds of the general public of the name, mark or symbol with a particular product. *Id.* at 583-

7

84. Actual confusion of customers, clients or the public does not need to be shown, but that "probable confusion" will occur. *Id.* The Sixth Circuit has applied the "likelihood of confusion" standard in Lanham Act unfair competition claims to Michigan's unfair competition claim. *See, Carson v. Here's Johnny Portable Toilets, Inc.*, 698 F.2d 831, 833 (6th Cir. 1983)(applying *Frisch's Restaurants, Inc. v. Elby's Big Boy of Steubenville, Inc.,* 670 F.2d 642 (6th Cir. 1982)).

The eight factors analyzing likelihood of confusion set forth in *Frisch's* are as follows: 1) strength of the mark; 2) relatedness of the goods or services; 3) similarity of the marks; 4) likely degree of purchaser care; 5) the defendant's intent in selecting its mark; 6) marketing channels used; 7) likelihood of expansion of the product lines; and 8) evidence of actual confusion. *Frisch's,* 670 F.2d at 648. A plaintiff must demonstrate a likelihood of confusion to obtain equitable relief. *Audi AG v. D'Amato*, 469 F.3d 534, 542 (6th Cir. 2006). These factors are only a guide to determine the likelihood of confusion; they imply no mathematical precision. *Homeowners Group, Inc. v. Home Marketing Specialists, Inc.*, 931 F.2d 1100, 1107 (6th Cir. 1991).

BPI did not submit any evidence, nor point to any evidence presented at trial, to establish the "likelihood of confusion" factors in order to obtain equitable relief in its unfair competition claim. Specifically, as to the evidence of actual confusion, no evidence was presented by BPI that any customer or client was confused by Bar's

Products' use of "Bars Leaks" or "Rislone," as these relate to BPI's products. As noted by the Michigan Supreme Court, a moving party must submit proof which tends to show that there is confusion in the minds of some purchasers as to which company they contract and if the record does not disclose confusion or deception resulting from the similarity of two names of such a character as to justify granting equitable relief, an injunction should not issue. *Federal Eng.,* 315 Mich. 332, 339. BPI has not shown it is irreparably harmed since it has not submitted, nor pointed to any evidence at trial, that purchasers outside the United States and Canada were confused by Bar's Products' use of "Bars Leaks" or "Rislone."

### 3. Adequate Remedy at Law

As to whether BPI has an adequate remedy at law on its unfair competition claim, it is noted that the jury awarded BPI $974,849.00 on its unfair competition claim. Other than noting that future lawsuits and future damages would occur if the Court did not issue a permanent injunction against Bar's Products, BPI has not given any reason why the jury award was inadequate as to its unfair competition claim. Based on this award, the jury was able to calculate BPI's damages on its unfair competition claim.

BPI did not respond to Bar's Products argument that BPI's remedy is to assert any right BPI may have for violating BPI's trademark rights in other foreign countries

against Bar's Products. BPI has shown that it does not have available adequate remedy in terms of damages or the ability to assert its trademark rights in other foreign countries outside the United States and Canada.

### 4. Balance of Hardship

BPI argues that it has suffered hardship because it purchased the international rights to sell the automotive chemical products and spent "hundreds of thousands of dollars over the years, and a huge amount of blood, sweat and tears and the labor of the owners of the company over the ensuing 40 years to build up its international business" and that future damages "may be more difficult to calculate because Bar's Products may hide their financial information more than they did in the past knowing that they will be liable for damages." (Motion, Doc. No. 219, Pg ID 5073) Bar's Products argues that it would suffer undue hardship if a permanent injunction because its sales would decline substantially and employees would be fired. BPI has not shown that the balance of hardship weighs in its favor.

### 5. Public Interest

There is public interest in businesses not to engage in unfair competition, but there is also public interest in servicing customers and clients as to products of their choice. *See Jimdi Inc. v. Twin Bay Docks and Prods.,* 501 F. Supp. 2d 993, 1010 (W.D. Mich. 2007). BPI has not shown that the public interest weighs in its favor.

## III. CONCLUSION

Because BPI has failed to meet its burden that a permanent injunction should issue on its unfair competition claim, as more fully set forth above,

IT IS ORDERED that BPI's Motion for Permanent Injunction **[Doc. No. 219]** is DENIED.

IT IS FURTHER ORDERED that BPI's Motion for Approval of the Filing of Supplemental Declaration of Arthur Omoto In Support of Motion for Permanent Injunction **[Doc. No. 245]** is GRANTED.

IT IS FURTHER ORDERED that the Motion to Expedite Consideration of Pending Post-Trial Motions **[Doc. No. 250]** is now MOOT.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: September 29, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 29, 2015, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager