UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BAR'S PRODUCTS, INC.,

    Plaintiff/Counter-Defendant,

v.

BAR'S PRODUCTS INTERNATIONAL, LTD.,

    Defendant/Counter-Plaintiff.
_____/

Case No. 10-14321

HON. DENISE PAGE HOOD

**ORDER ACCEPTING AND ADOPTING**
**THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**DENYING MOTION FOR ATTORNEY FEES**
**AND**
**ORDER OVERRULING WITHOUT PREJUDICE BAR'S PRODUCTS'**
**OBJECTIONS TO BILL OF COSTS**

**I.    BACKGROUND**

This matter is before the Court on Magistrate Judge Michael Hluchaniuk's Report and Recommendation filed September 19, 2014 **(Doc. No. 244)** on Defendant/Counter-Plaintiff Bar's Products International, LTD's ("BPI's") Motion for Attorney Fees **(Doc. No. 76)**. BPI timely filed Objections (Motion) to the Report and Recommendation. **(Doc. No. 247)** Plaintiff/Counter-Defendant Bar's Products, Inc. LTD ("Bar's Products") filed a response to BPI's Objections. **(Doc. No. 248)** Also before the Court are Objections **(Doc. No. 229)** filed by Bar's Products to BPI's Bill of Costs request to the Clerk. **(Doc. No. 225)**

## II. MOTIONS FOR ATTORNEY FEES

The standard of review by the district court when examining a Report and Recommendation is set forth in 28 U.S.C.§ 636. This Court "shall make a *de novo* determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636(B)(1)(c). The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Id*. In order to preserve the right to appeal the Magistrate Judge's recommendation, a party must file Objections to the Report and Recommendation within fourteen (14) days of service of the Report and Recommendation. Fed. R. Civ. P 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

After review of the Magistrate Judge's Report and Recommendation and the Objections filed to the Report and Recommendation, the Court finds that the Magistrate Judge's findings and conclusions are correct. BPI raises two objections: that the Magistrate Judge erred in finding that this case is not an exceptional case warranting attorney fees under the Lanham Act and that the Magistrate Judge erred in finding that Bar's Products did not act in a harassing, oppressive or unreasonable

manner in pursuing its Lanham Act claims.

As to BPI's first objection, the Court agrees with the Magistrate Judge that Bar's Products' Lanham Act claims were not unfounded since such were not dismissed until the close of proofs at trial. There was no findings on Bar's Products' Lanham Act claims on the merits because the Second Amended Complaint was dismissed for improper filing. As noted by the Magistrate Judge, BPI did not seek to dismiss the Second Amended Complaint prior to trial, but rather orally moved to dismiss the claims at trial. The Court agrees with the Magistrate Judge that this was not an "exceptional" case warranting attorney fees under the Lanham Act.

Regarding BPI's second objection that the Magistrate Judge erred in finding that Bar's Products' filing of the case in this District was unnecessary and further multiplied the proceedings, the Court agrees with the Magistrate Judge this action was not so "vexatious" or further "multiplied" the proceedings to merit an award of attorney fees under 28 U.S.C. § 1927. As noted by the Magistrate Judge, the California District Court did not find any wrongdoing by Bar's Products, but merely found a "mistake" as to BPI's identity. (R&R, Doc. No. 244, Pg ID 5553) The Magistrate Judge also noted that this Court already ruled on a similar attorney fee request by BPI, finding that Bar's Products did not multiply the proceedings. (*Id.*)

### III. BILL OF COSTS

3

The prevailing party at trial, BPI, submitted its Bill of Costs on June 20, 2014. (Doc. No. 225) Bar's Products filed Objections to the Bill of Costs. (Doc. No. 229)

The Local Rules provide that a party seeking costs must file a bill of costs no later than 28 days after the entry of judgment. E.D. Mich. LR 54(1). The Clerk will tax costs under Fed. R. Civ. P. 54(d)(1) as provided in the Bill of Costs Handbook. *Id.* After the Clerk has taxed the costs, counsel for either side may, within seven days, file a motion to review the action of the taxation clerk and request review by the Court. (Bill of Costs Handbook, I.B.)

Bar's Products' Objections to the Bill of Costs is premature. The Bill of Costs Handbook provides that counsel for either side may seek review of the Clerk's actions *after* the costs has been taxed. The Clerk has yet to tax the costs. Bar's Products' Objections to the Bill of Costs are overruled and denied without prejudice pending issuance of the taxed costs by the Clerk.

## IV.    CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Report and Recommendation **(Doc. No. 244)** is ACCEPTED and ADOPTED as this Court's findings of fact and conclusions of law.

IT IS FURTHER ORDERED that BPI's Objections **(Doc. No. 247)** to the Report and Recommendation are OVERRULED.

IT IS FURTHER ORDERED that BPI's Motion for Attorney Fees **(Doc. No. 220)** is DENIED.

IT IS FURTHER ORDERED that Bar's Products' Objections to the Bill of Costs **(Doc. No. 229)** are OVERRULED and DENIED without prejudice.

IT IS FURTHER ORDERED that the Taxation Clerk may proceed with its review of BPI's Bill of Costs.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: September 29, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 29, 2015, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager
