UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BAR'S PRODUCTS, INC.,

    Plaintiff/Counter-Defendant,

Case No. 10-14321

v.

HONORABLE DENISE PAGE HOOD

BAR'S PRODUCTS INT'L, INC.,

    Defendant/Counter-Plaintiff.

_____/

## ORDER REGARDING VARIOUS MOTIONS

**I.    BACKGROUND**

This matter is on remand from the Sixth Circuit Court of Appeals on the sole issue of the filing of Plaintiff Bar's Products, Inc.'s ("Bar's) Third Amended Complaint. The Court held a status conference with the parties on February 21, 2017 where the hearing on pending motions were scheduled for this date.

The history of this litigation is long. On October 27, 2010, Plaintiff Bar's Products, Inc. ("Bar's") filed a Complaint against Bar's Products International, Ltd. ("BPI") alleging: Trademark Infringement in violation of the Lanham Act, 15 U.S.C. § 1114 (Count I); Trademark Infringement in Violation of the Lanham Act, 15 U.S.C. § 1125(a) (Count II); in the alternative, Request for Declaratory Relief for Impending Infringement in Violation of the Lanham Act, 15 U.S.C. §§ 114, 1125(a) (Count III);

and Common Law Unfair Competition (Count IV). Bar's filed a First Amended Complaint on March 31, 2011 and filed a Motion to file a Second Amended Complaint on October 13, 2011, which the Court granted in part in a March 9, 2012 Order. The claims in Bar's Second Amended Complaint as to the Lanham Act claims in Counts I and II against Defendants BPI and Arthur Omoto, were eventually dismissed by the Court.

On June 7, 2011, a *second* case was transferred to this District from the United States District Court, Central District of California filed by Bar's Products International, Ltd. and Bar's, Inc., a Nevada corporation, against Bar's Products, Inc., a Michigan corporation (Plaintiff in the first action). This case alleged six counts: Breach of Contract (Count I); Declaration of Non-Infringement under the Lanham Act, 15 U.S.C. § 1114 (Count II); Declaration of Non-Liability under the Lanham Act, 15 U.S.C. § 15 U.S.C. § 1125(a); Declaration of No Liability for Common Law Unfair Competition under Michigan law (Count IV); Common Law Unfair Competition under California law (Count V); and, Unfair Competition under California Business and Professional Code (Count VI). On April 11, 2013, the Court denied Bar's Products' Motion for Partial Summary Judgment as to Counts I, II and III of the Counterclaim.

After a Jury Trial in this matter, the jury rendered a verdict in favor BPI as to

BPI's Counterclaim, in the amount of $2,535,044.00 ($1,560,195 for the breach of contract claim and $974,849 for unfair competition). Bar's appealed the jury verdict and the Court's dismissal of its claims. On November 2, 2016, the Sixth Circuit issued its opinion, affirmed the judgment in favor of BPI that denied Bar's post-verdict renewed motion in the breach of contract claim and reversed the judgment on the denial of Bar's post-verdict renewed motion on the unfair competition claim that there was no separate damages to support BPI's unfair competition claim. The Sixth Circuit also reversed the Court's denial of Bar's motion for leave to file an amended trademark claim and remanding the matter for further proceedings.

Before the Court on remand is BPI's Request to Enter Final Judgment on the remaining claim in its Counterclaim so that it may be able to enforce the Judgment. (Doc. No. 269) Bar's filed a Motion to Implement the Mandate that it be allowed to file its Third Amended Complaint, with no objections from BPI. (Doc. No. 270) Bar's filed its Third Amended Complaint April 6, 2017. (Doc. No. 279) It is noted that BPI filed a new Counterclaim on March 10, 2017. (Doc. No. 275) Bar's also filed a Motion to Dismiss BPI's Counterclaim as to Count II (Breach of Contract) and Count III (Tortious Interference of Business Relationships). (Doc. No. 280) Briefs have been filed and hearings were held on the motions.

## II. BPI Request to Enter Judgment on the remaining claim in its Counterclaim (Doc. No. 270)

BPI seeks to be able to collect on its breach of contract claim judgment pursuant to the jury verdict and affirmed by the Sixth Circuit. BPI argues that the counterclaim is a separate and distinct issue that Bar's claims in its Third Amended Complaint under the Lanham Act.

Bar's argues that because there are remaining claims left, specifically on remand as to Bar's Third Amended Complaint, final judgment on BPI's counterclaim should await until the resolution of the remanded matters. Bar's also argues that it has posted an interest bond for almost twice the full amount of the breach of contract claim. Bar's claims that a stay on the enforcement of the judgment should be granted because it may well have a set off claim under Bar's Third Amended Complaint.

Rule 54(b) of the Rules of Civil Procedure was a response to the need created by the liberal joinder provisions of the Rules to review "what should be treated as a judicial unit for purposes of appellate jurisdiction." *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 432 (1956). A district court "*may,* by the exercise of its discretion in the interest of sound judicial administration, release for appeal final decisions upon one or more, but less than all, claims ... *Id.* at 437. Under Rule 54(b), "[t]he district court acts as a 'dispatcher' and is permitted to determine, in the first instance, the appropriate time when each final decision is ready for appeal." *Id.* at 435;

*Corrosioneering, Inc. v. The Continental Ins. Co.,* 807 F.2d 1279, 1282 (6th Cir. 1986).

Because an appeal has already occurred in this case and the matter has been reviewed by the Sixth Circuit, the judgment as to the Counterclaim is final. The Sixth Circuit did not remand the matter as to BPI's remaining claim of breach of contract set forth in its Counterclaim; the Sixth Circuit affirmed the jury's verdict and the Court's judgment on this claim. There is nothing remaining on remand as to BPI's Counterclaim. As a reminder, more than one case was filed initially by the parties and the cases were consolidated. "When a court consolidates two cases on its own, we have concluded, the consolidated cases generally 'remain separate actions;' thus, a district court's disposal of one of the cases normally supports an immediate appeal, even if the other consolidated case remains live." *See In re Refrigerant Compressors Antitrust Litigation,* 731 F.3d 586, 589 (6th Cir. 2013)(quoting *Beil v. Lakewood Eng'g & Mfg. Co.*, 15 F3d. 546, 551 (6th Cir.1994)).

Bar's seeks a stay under Rule 62(h) in its response to BPI's request to enforce the judgment. It is noted that the CM/ECF Rules and Procedure provides that "a response or reply to a motion must not be combined with a counter-motion." CM/ECF Rule 5. Rule 62(h) provides that a court may stay the enforcement of a final judgment entered under Rule 54(b) until it enters a later judgment or judgments. Fed.

5

R. Civ. P. 62(h). As noted in Rule 54(b) the court may enter final judgment on less than all the claims before it "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The factors to be considered include whether:

> the claims finally adjudicated were [are] separate, distinct, and independent of any of the other claims or counterclaims involved; that review of these adjudicated claims would not be mooted by any future developments in the case; and that the nature of the claims was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.

*Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 5–6 (1980). The court should consider the relative hardship and solvency of the litigants, as well as any other equitable considerations which might be present. While potential recover on a claim of set-off or a counterclaim is one such equitable consideration, the Supreme Court has clearly held that it is by no means dispositive. *Id.* at 9.

BPI's breach of contract Counterclaim has been finally adjudicated and is separate, distinct and independent of Bar's claims in its Third Amended Complaint. Bar's does not dispute this. No review in the future would moot BPI's judgment since it has already been reviewed by the Sixth Circuit and that part of the review was not appealed to the Supreme Court by Bar's.

As to the equities involved, BPI has indicated it does have some financial

difficulty, which this Court may consider. Bar's, on the other hand, has not indicated it does not have the financial ability to pay the judgment. If Bar's Third Amended Complaint is ultimately resolved in its favor, there may be some set-off at that point in time. However, as noted by the Supreme Court above, this is not a dispositive issue. It is noted that in response to Bar's Third Amended Complaint, BPI filed another Counterclaim. Any set off in the future on Bar's claims under the Third Amended Complaint, could be raised in BPI's new Counterclaim.

Having considered the factors noted above, the Court finds that BPI is entitled to final judgment on its Counterclaim as to its breach of contract claim as affirmed by the Sixth Circuit. BPI's request to enforce its Judgment as to its breach of contract claim in the Counterclaim is GRANTED. (Doc. No. 269)

### III. BAR'S PRODUCTS' MOTION TO DISMISS COUNTS II (BREACH OF CONTRACT) AND III (TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS AS ALLEGED IN BPI'S NEW COUNTERCLAIM (DOC. NO. 280)

#### A. Motion to Dismiss Standard of Review

Rule 12(b)(6) of the Rules of Civil Procedure provides for a motion to dismiss based on failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do[.] Although not outright overruling the "notice pleading" requirement under Rule 8(a)(2) entirely, *Twombly* concluded that the "no set of facts" standard "is best forgotten as an incomplete negative gloss on an accepted pleading standard." *Id.* at 563. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. Such allegations are not to be discounted because they are "unrealistic or nonsensical," but rather because they do nothing more than state a legal conclusion–even if that conclusion is cast in the form of a factual allegation. *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009). To survive a motion to dismiss, the non-conclusory "factual content" and the reasonable inferences from that content, must be "plausibly suggestive" of a claim entitling a plaintiff to relief. *Id.* Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *Amini v. Oberlin College,* 259 F.3d 493,

502 (6th Cir. 2001).

**B.** *Res Judicata* **(Claim Preclusion)**

**1. Law**

The doctrine of *res judicata* involves both "claim preclusion" and "issue preclusion." See *Migra v. Warren City School District Bd. of Educ.*, 465 U.S. 75, 77 n. 1 (1984). Claim preclusion involves three elements: 1) there must be a final judgment on the merits on the prior lawsuit; 2) the same claims are involved; and 3) the same parties or their privies are involved. *EEOC v. United States Steel Corp.*, 921 F.2d 489, 493 (3rd Cir. 1990); *Montana v. United States*, 440 U.S. 147, 153-54 (1979); *James v. Gerber Products Co.*, 587 F.2d 324, 327-28 (6th Cir. 1978). *Res judicata* requires that a plaintiff initially raise all claims in prior suits and therefore bars those claims from being litigated at some future time. See *Rivers v. Barberton Board of Education*, 143 F.3d 1029, 1031-32 (6th Cir. 1998).

**2. Breach of Contract (Count II)**

The Court first addresses the breach of contract claim.

The first element, that there be a final judgment on the merits in a prior lawsuit, has been met. As to BPI's previous breach of contract claim, the jury entered a verdict in BPI's favor on May 9, 2014, affirmed by the Sixth Circuit, in the amount of $22,536 (Sales of Bar's Leaks outside the United States and Canada) and $1,537,659

(for sales of items other than Bar's Leaks outside the United States and Canada).

The second element, however, has not been met in that the claims of breach of contract involved different dates. The breach of contract in the current March 10, 2017 Counterclaim alleges that "[s]ubsequent to the findings of the jury regarding BPI's exclusive International Rights to the sales and distribution of all Bar's products, or products manufactured or packaged by Bars, including, but not limited to, Bar's Leaks products and products packaged under the Rislone name, Bar's has continued and continues to sell, market and/or distribute, or permit the sales, marketing, manufacturing and/or distribution of Bar's products, including those packaged under the Rislone brand, in international markets (excluding the United States and Canada which was excluded by contract)." (Doc. No. 275, Pg ID 5936-37)

"To constitute a bar, there must be an identity of the causes of action that is, an identity of the facts creating the right of action and of the evidence necessary to sustain each action." *Westwood Chemical Co., Inc. v. Kulick,* 656 F.2d 1224, 1227 (6th Cir. 1981). There may be identity of facts as to whether Bar's breached the agreements between the parties, but there is no identity of facts as to the dates of the breach. The breach alleged in the March 2017 Counterclaim includes facts after the jury rendered its verdict on May 9, 2014. Bar's argument that BPI's "future claims" are barred because BPI sought future damages in the prior trial, is without merit since

there was no finding of fact as to whether Bar's breached the agreements after the jury rendered its verdict. As instructed by the Court as to future lost profits, "you must not award damages for future lost profits when it is uncertain that future damages will occur. Nor should you aware(sic) future lost profit damages on the basis of speculation and conjecture." (Doc. No. 198, Pg ID 4857-58, Jury Instr.) Future lost profits do not constitute findings of fact that Bar's continued to breach the agreements after the jury rendered its verdict. As this Court noted in denying BPI's motion for permanent injunction enjoining Bar's from certain actions in the future, BPI had no Lanham Act claim before the Court nor the jury and that BPI had adequate remedy at law, which may include any future breach of contract claims. (Doc. No. 254, Pg ID 5644, 5649-50)

As to the third element, the same parties or their privies are involved, the Court finds this element has also been met.

For the reasons stated above, *res judicata* or claim preclusion does not bar BPI's breach of contract claim because the dates of the alleged breach in the March 2017 Counterclaim are not the same dates as those previously tried before the jury.

### 3. Tortious Interference of Business Relationships (Count III)

Regarding the Tortious Interference of Business Relationship claim, again, the first element, that there be a final judgment on the merits in a prior lawsuit, has been

11

met.

It is unclear whether the second element has also been met. As noted above, "[t]o constitute a bar, there must be an identity of the causes of action that is, an identity of the facts creating the right of action and of the evidence necessary to sustain each action." *Westwood Chemical,* 656 F.2d at 1227. BPI did not allege a tortious interference claim in its prior Counterclaim. It is noted that the tortious interference claim in the March 10, 2017 Counterclaim alleges that Bar's made false and disparaging remarks to attendees at the Automassen show in Sweden and the Automechanika in Frankfurt, which BPI claims intentionally interfered with BPI's valid business expectancy to its rights to sell, market, distribute and/or manufacture Bar's products under its international rights. However, BPI does not identify the dates when these remarks occurred. If these dates occurred after the jury's verdict, then the identity of facts creating the right of action are not the same as the facts alleged in the previous Counterclaim.

Because BPI failed to set forth facts as when the tortious interference allegedly occurred in Count III of the March 10, 2017 Counterclaim, the Court grants the motion to dismiss for failure to state a claim upon which relief may be granted. However, BPI in its response seeks to amend the Counterclaim. BPI may do so by filing a separate motion with the proposed amended counterclaim attached, as required

by the local rule. If the parties are able to agree that an amended counterclaim may be filed, the parties may submit a stipulation and order to do so.

As to the third element, the same parties or their privies are involved, the Court finds this element has also been met.

### C. "Noncompetition Twist"

Bar's argues that BPI's breach of contract claim is essentially a noncompetition claim which has been litigated previously and that the time limit has lapsed on such a claim. BPI responds that this is not a noncompetition contract claim, but a claim involving a contract for the sale and rights to patented processes, formula and products derived from same and the exclusive rights to the same. BPI asserts the sale of the exclusive right was "final." BPI claims that is what the jury found, which was upheld by the Sixth Circuit.

The Court's review of the jury verdict shows that the jury did not make any specific findings as to whether any noncompetition agreement had lapsed or when the date such noncompetition agreement would lapse. In any event, BPI asserts that the instant breach of contract is not a noncompetition agreement breach of contract claim. Bar's motion to dismiss the breach of contract claim because the claim is essentially a noncompetition agreement breach of contract claim is denied.

### D. Tortious Interference of Business Relationship

Bar's alternatively argues that BPI has failed to state a claim upon which relief may be granted as to its tortious interference of business relationships. To establish a claim for tortious interference of a business relationship in Michigan, a plaintiff must show: 1) the existence of a valid business relationship or expectancy; 2) knowledge of the relationship or expectancy on the part of the defendant; 3) intentionally causing or inducing a breach or termination of the relationship or expectancy; and 4) resultant actual damage. *BPS Clinical Laboratories v. Blue Cross & Blue Shield of Michigan,* 217 Mich. App. 687, 698-99 (1997). A plaintiff is required to allege that a defendant acted with malice and the actions were unjustified in law for the purpose of invading the contractual rights or business relationship of another. *Feldman v. Green,* 138 Mich. App. 360 (1984). A plaintiff must demonstrate, with specificity, affirmative acts by the defendant that corroborate the improper motive or interference. *BPS Clinical,* 217 Mich. App. at 699. Where the defendant's actions were motivated by legitimate business reasons, its actions would not constitute improper motive or interference. *Id.*

A review of the March 10, 2017 Counterclaim shows that BPI's Count III does not specifically cite the dates of the disparaging remarks as noted above. In addition, BPI does not specifically state affirmative acts by Bar's, other than alleging that Bar's mad "false and disparaging remarks" regarding BPI's rights and the quality of goods

BPI sells. BPI also does not allege any specific "valid business relationship" or "expectancy" of such a relationship with another entity. General disparaging remarks without identifying the entity BPI may have a valid relationship with or expectant relationship with fails to meet the elements required for a tortious of interference of a business relationship claim. However, as noted above, BPI has sought to amend this claim, and may do so by filing the appropriate motion to amend with the proposed amended counterclaim, unless the parties are able to submit a stipulation and order to do so.

## IV. CONCLUSION

For the reasons set forth above,

IT IS FURTHER ORDERED that BPI's request to enforce its Judgment as to its breach of contract claim in the Counterclaim (Doc. No. 269) is **GRANTED**.

IT IS FURTHER ORDERED that Bar's Motion to Implement Mandate to File its Third Amended Complaint (Doc. No. 270) is **GRANTED**.

IT IS FURTHER ORDERED that Bar's Motion to Dismiss (Doc. No. 280) is **GRANTED IN PART and DENIED IN PART** as set forth above. The Breach of Contract Claim in Count II of the March 10, 2017 Counterclaim remains. The Tortious Interference of Contract Claim in Count III of the March 10, 2017 is DISMISSED. However, BPI may file a Motion to Amend the Tortious Interference

of Contract Claim in Count III of the March 10, 2017 Counterclaim, but must do so within 14 days from the date of this Order. If the parties are able to agree to any proposed amendment, the parties may submit such a stipulation and order, without filing a motion, within 14 days from the date of this Order.

                    S/Denise Page Hood
                    Denise Page Hood
                    Chief Judge, United States District Court

Dated: March 7, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 7, 2018, by electronic and/or ordinary mail.

                    S/LaShawn R. Saulsberry
                    Case Manager